## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APOLLO HEALTH AND BEAUTY CARE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: _____ |
| v. | ) |
| | ) **COMPLAINT** |
| SOL DE JANEIRO USA INC. and | ) |
| SOL DE JANEIRO IP, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |
| _____ | ) |

### PLAINTIFF APOLLO HEALTH AND BEAUTY CARE INC.'S COMPLAINT

Plaintiff Apollo Health and Beauty Care Inc. (hereinafter "Plaintiff" or "Apollo"), files this Complaint for declaratory judgment against Defendants Sol de Janeiro USA Inc., and Sol de Janeiro IP, Inc. (collectively, "Defendants").

### PARTIES

1.     Plaintiff Apollo Health and Beauty Care, Inc. is a Canada Corporation with its principal place of business located at 1 Apollo Pl, North York, ON M3J 0H2, Canada.

2.     Upon information and belief, Defendant Sol de Janeiro USA Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business located at 551 Fifth Avenue Suite 2030, New York, New York.

3.     Upon information and belief, Defendant Sol de Janeiro IP, Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business located at 551 Fifth Avenue Suite 2030, New York, New York.

## JURISDICTION AND VENUE

4.      This is an action for declaratory judgment arising under (i) 15 U.S.C. §§ 1117 and 1125, *et seq.* (the "Lanham Act"); and (ii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Defendants are also subject to the general jurisdiction and personal jurisdiction of this Court because the Defendants maintain offices in the State of New York and, therefore, are continuously present in the State of New York.  In addition, Defendants' false assertions of infringement of purported trade dress against Plaintiff Apollo were generated in the State of New York. Thus, this Court has both general and specific personal jurisdiction over Defendants.

7.      Venue of this action is proper in the Southern District of New York under 28 U.S.C. § 139l(b)(l) because defendants qualify as residents of this judicial district under 28 U.S.C. § 139l(c)(2).  Venue of this action is also proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff Apollo's claims occurred in this judicial district.

## JURY DEMAND

8.      Plaintiff Apollo demands a jury trial for all claims so triable.

## STATEMENT OF FACTS

**Plaintiff Apollo's Product and Product Packaging**

9.      Plaintiff Apollo is a leading provider of personal care products for customers wishing to purchase high integrity products and unique, proprietary packaging at the most competitive value.

10.     Plaintiff Apollo markets and sells many products, including Nutrius®
BRAZILIAN BODY BUTTER CREAM™, a body cream product designed to, among other
things, moisturize and hydrate skin.  A true and correct image of a photograph that depicts the
packaging for this product is set forth below.



**Defendants' Products and Product Packaging**

11.     Defendants sell many different body cream products with different properties.  For
example, Defendants' BRAZILIAN BUM BUM CREAM is advertised to have skin firming
properties.  Defendants' BOM DIA BRIGHT CREAM is advertised to retexturize and brighten
skin.  Defendants' COCO CABANA CREAM is advertised to hydrate skin.  Defendants use

different colors on their packaging to differentiate their products' different properties.   An example of one of Defendants' advertisements for these products is set forth below.



12.     Defendants' different body cream products contain different ingredients.   For example, Defendants' BRAZILIAN BUM BUM CREAM is advertised to contain Guarana. Defendants' BOM DIA BRIGHT CREAM is advertised to contain Fruit AHAs and Vitamin C.

Defendants' COCO CABANA CREAM is advertised to contain CocoSugar.   Defendants use different colors on their packaging to differentiate these products' different ingredients.   An example of one of Defendants' advertisements for these products and their ingredients is set forth below.



13.     Defendants' different body cream products also come in different fragrances.   For example, Defendants' BRAZILIAN BUM BUM CREAM is advertised to come in a warm

gourmand (pistachio, salted caramel) fragrance.  Defendants' BOM DIA BRIGHT CREAM is advertised to come in a warm floral (black amber plum, vanilla woods) fragrance.  Defendants' COCO CABANA CREAM is advertised to come in a tropical gourmand (coconut cream, toasted praline) fragrance.  Defendants use different colors on their packaging to differentiate these products' different fragrances.  An example of one of Defendants' advertisements for these products and their fragrances is set forth below.



**Defendants' Demand Letter Concerning Their Purported Trade Dress Rights**

14.     Defendants purport to own trade dress rights in the product packaging for their BRAZILIAN BUM BUM CREAM product.  Defendants also claim that Plaintiff Apollo's packaging is infringing Defendants' purported trade dress rights.

15.     On or about August 30, 2022, Defendants' counsel, on behalf of Defendants, prepared a demand letter addressed to Plaintiff Apollo's Co-Chief Executive Officers, Charles Wachsberg and Richard Wachsberg (the "Demand Letter").  A true and correct copy of the Demand Letter is attached hereto as **Exhibit A**.

16.     In their Demand Letter, Defendants claim they own trade dress rights in their BRAZILIAN BUM BUM CREAM product's "very distinctive packaging, comprised of a bright yellow round tub with a white oversized cap/lid, and the product name printed in black around the outside of the cap/lid."

17.     Defendants also claim in their Demand Letter that the packaging for Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product infringes Defendants' purported trade dress rights for their BRAZILIAN BUM BUM CREAM product.  According to the Demand Letter, "Apollo's use of the confusingly similar trade dress constitutes trade dress/trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."

18.     In addition, Defendants assert in their Demand Letter that "[i]n the event that we do not receive a timely and satisfactory response from Apollo and/or Apollo does not immediately discontinue use of the Infringing Trade Dress and sale of the Infringing Products, we have been instructed to take whatever legal action is deemed necessary and appropriate to protect [Defendants'] valuable trademark rights, without further notice."

19.     Defendants also state in their Demand Letter that they may take legal action against "one or more of [Plaintiff Apollo's] retailers/distributors."

20.     Defendants addressed their Demand Letter to Plaintiff Apollo's Co-Chief Executive Officers, Charles Wachsberg and Richard Wachsberg.  Defendants' Demand Letter states it was to be delivered "VIA EMAIL ONLY".  Defendants, however, never sent the Demand Letter to Charles Wachsberg, Richard Wachsberg, or to anyone else at Plaintiff Apollo.

21.     Defendants, however, did send a copy of their Demand Letter to the "Legal Department" at Costco Wholesale.  Costco Wholesale is currently a customer of Plaintiff Apollo for the NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.  Costco Wholesale, in turn, sent the Demand Letter to Plaintiff Apollo's Co-Chief Executive Officer, Charles Wachsberg.

22.     In addition, Defendants sent a copy of their Demand Letter to the "Legal Department" at Walmart.  Walmart is one of Plaintiff Apollo's current customers for other Apollo personal care products, but Walmart does not purchase the NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

**Defendants Have No Enforceable Trade Dress Rights.**

23.     Defendants' alleged trade dress rights for the product packaging used in conjunction with its BRAZILIAN BUM BUM CREAM product lack the requisite legal requirements to be protectable on the Principal Register and to be enforceable.  Upon information and belief, Defendants have not registered their purported trade dress with the United States Patent and Trademark Office (the "USPTO") because it does not function as a source-identifier, it is decorative/ornamental/informational, it is not distinctive, and/or because it is functional.

24.     In addition, Defendants' product packaging used in conjunction with its BRAZILIAN BUM BUM CREAM product has not acquired any distinctiveness in the marketplace.  Thus, the allegations in Defendants' Demand Letter concerning purported trade dress infringement lack merit because Defendants lack any trade dress rights under Federal or state statutory or common law.

25.     Moreover, the accused features on Plaintiff Apollo's product packaging do not function as trade dress and do not infringe any purported trade dress rights of Defendants.  Instead, the accused features are non-protectible functional features and/or are non-distinctive, ornamental/decorative features.  The container provides storage and easy access for butter/cream products.  The size of the round, threaded lid allows for easy gripping and a tight seal to preserve the butter/cream products.  It also allows the needed space to print legible words to be viewed by consumers.  These features cannot infringe any purported unregistered trade dress rights because such trade dress rights do not subsist in functional and/or non-distinctive features.

26.     Defendants define their trade dress rights in their BRAZILIAN BUM BUM CREAM product's packaging to include "a bright yellow round tub with a white oversized cap/lid."  Defendants' packaging does not include a bright yellow round tub.  Instead, Defendants' packaging includes a caramel-colored round tub, which is not used as a source identifier.  The caramel-colored tub is used in Defendants' advertisements to denote the specific fragrance, particular ingredients, and intended purpose of the BRAZILIAN BUM BUM CREAM product, and to differentiate it from the other body cream products sold by Defendants.

27.     In addition, the packaging features accused by Defendants as allegedly being confusingly similar to Defendants' purported trade dress rights are not a source identifier of

Defendants' product or the accused product of Plaintiff.  Accordingly, the accused features do not function as trade dress and do not infringe any purported trade dress rights of Defendants.

**There Is No Likelihood of Confusion.**

28.    Plaintiff Apollo's use of its packaging is not likely to cause confusion, mistake, and/or deception among the purchasing public.  Plaintiff Apollo's packaging is very different than Defendants' purported trade dress.  Among other things, Plaintiff Apollo's packaging utilizes different trademarks, different colors on both the tub and the lid, different lettering, different styling, and a different product name, printed in a different color, around the outside of the lid.

29.    For example, Plaintiff Apollo's packaging uses Plaintiff Apollo's NUTRIUS® house brand, and also uses the words BODY BUTTER (*i.e.,* NUTRIUS® BRAZILIAN BODY BUTTER CREAM™).  Defendants' packaging, in stark contrast, makes no reference to Plaintiff Apollo's house brand, NUTRIUS®, and uses the words BUM BUM (*i.e.,* BRAZILIAN BUM BUM CREAM).  Moreover, Defendants' packaging uses the words "SOL de Janeiro" on the top of the lid of the container.  Plaintiff Apollo's packaging has no words on the top of the lid.

30.    In addition, Plaintiff Apollo had no intention of adopting, and did not adopt, Defendants' purported trade dress.  Furthermore, Plaintiff Apollo's accused NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product is sold through different channels of trade and at very different price points than Defendants' BRAZILIAN BUM BUM CREAM product (approximately $10 per unit versus roughly $48 per unit).  Consequently, Plaintiff Apollo's use of its packaging is not likely to cause confusion, mistake, and/or deception.

31.    Plaintiff Apollo has not infringed any valid, distinctive and enforceable trade dress rights owned by Defendants relating to the sale of product packaging used in conjunction with its

BRAZILIAN BUM BUM CREAM product, either directly or by inducing others to infringe or by contributing to infringement by others.

32.     There presently exists a justiciable controversy regarding Plaintiff Apollo's right to sell its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product in its current packaging free of any allegation by Defendants that such conduct constitutes an infringement of Defendants' alleged trade dress rights.

### FIRST CLAIM FOR RELIEF
### Declaratory Relief: Unenforceability of Trade Dress
### Failure To Function as Source Identifier

33.     Plaintiff Apollo re-avers and re-states the foregoing paragraphs inclusively as if fully set forth herein.

34.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

35.     In their Demand Letter, Defendants claim that the packaging for Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product infringes the Defendants' purported trade dress rights for Defendants' BRAZILIAN BUM BUM CREAM product, and, under a threat of legal action, demand that Plaintiff Apollo discontinue all use of its packaging and cease selling its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

36.     In their Demand Letter, Defendants define their purported trade dress rights in their BRAZILIAN BUM BUM CREAM product's packaging to include "a bright yellow round tub with a white oversized cap/lid."  Defendants' packaging does not include a bright yellow round tub.  Instead, Defendants' packaging includes a caramel-colored round tub, which is not used as a source identifier.  The caramel-colored tub is used in Defendants' advertisements to denote the specific fragrance, particular ingredients, and intended purpose of the BRAZILIAN BUM BUM CREAM product, and to differentiate it from the other body cream products sold by Defendants.

37.     Defendants have no trade dress rights in these features because they are not used or perceived as a source identifier.  Defendants cannot register or otherwise protect or enforce their purported trade dress, because it fails to function as a source identifier.

38.     An actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist the use of Plaintiff Apollo's packaging for its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

39.     An actual justiciable controversy also exists by way of the credible threat of immediate litigation and demand to cease and desist the sale of Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

40.     Plaintiff Apollo requests an order declaring that the Defendants' alleged trademark trade dress rights for the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product lack the requisite legal requirements to be protectable and enforceable.

### SECOND CLAIM FOR RELIEF
### Declaratory Relief: Unenforceability of Trade Dress
### Ornamental/Decorative/Informational

41.     Plaintiff Apollo re-avers and re-states the foregoing paragraphs inclusively as if fully set forth herein.

42.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

43.     In their Demand Letter, Defendants claim that the packaging for Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product infringes the Defendants' purported trade dress rights for Defendants' BRAZILIAN BUM BUM CREAM product, and, under a threat of legal action, demand that Plaintiff Apollo discontinue all use of its packaging and cease selling its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

44.     In their Demand Letter, Defendants claim they own trade dress rights in their BRAZILIAN BUM BUM CREAM packaging, comprised of "a bright yellow round tub with a white oversized cap/lid, and the product name printed in black around the outside of the cap/lid."

45.     Defendants have no trade dress rights in these packaging features because they are informational, ornamental and/or decorative and they do not function as a trade dress.

46.     Defendants cannot register or otherwise protect or enforce their purported trade dress, because it is informational, ornamental and/or decorative.

47.     An actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist the use of Plaintiff Apollo's trade dress for its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

48.     An actual justiciable controversy also exists by way of the credible threat of immediate litigation and demand to cease and desist the sale of Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

49.     Plaintiff Apollo requests an order declaring that the Defendants' alleged trademark trade dress rights for the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product lack the requisite legal requirements to be protectable and enforceable.

**THIRD CLAIM FOR RELIEF**
**Declaratory Relief: Unenforceability of Trade Dress**
**Functional**

50.     Plaintiff Apollo re-avers and re-states the foregoing paragraphs inclusively as if fully set forth herein.

51.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52.     In their Demand Letter, Defendants claim that the packaging for Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product infringes the Defendants'

purported trade dress rights for Defendants' BRAZILIAN BUM BUM CREAM product, and, under a threat of legal action, demand that Plaintiff Apollo discontinue all use of its packaging and cease selling its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

53.     In their Demand Letter, Defendants define their purported trade dress rights in their BRAZILIAN BUM BUM CREAM product's packaging as "a bright yellow round tub with a white oversized cap/lid, and the product name printed in black around the outside of the cap/lid." Defendants' packaging does not include a bright yellow round tub.   Instead, Defendants' packaging includes a caramel-colored round tub, which is used on Defendants' packaging and in advertisements to denote the specific fragrance, particular ingredients, and intended purpose of the BRAZILIAN BUM BUM CREAM product, and to differentiate it from the other body cream products sold by Defendants. Defendants' oversized cap/lid functions to allow for easy gripping, securing of the body cream contents, and providing sufficient space for visible lettering, product name, and other informational content, among other functional purposes. Moreover, Defendants' product name is not printed around the white lid in the color black, as claimed, instead it is printed in gray on the white background, for sufficient contrast to allow for easy visibility and legibility, while Plaintiff's different product name is depicted in black on a bright yellow background (not a caramel-colored background), for sufficient contrast to make the wording easily visible and legible for consumers.

54.     Defendants have no trade dress rights in these packaging features because the features of Defendants' purported trade dress are functional.   Defendants' packaging features are essential to the use or purpose of Defendants' BRAZILIAN BUM BUM CREAM product. Moreover, these packaging features affect the cost or quality of Defendants' BRAZILIAN BUM BUM CREAM product.

55.     Defendants cannot register or otherwise protect or enforce their purported trade dress because it is functional.

56.     An actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist the use of Plaintiff Apollo's trade dress for its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

57.     An actual justiciable controversy also exists by way of the credible threat of immediate litigation and demand to cease and desist the sale of Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

58.     Plaintiff Apollo requests an order declaring that the Defendants' alleged trademark trade dress rights for the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product lack the requisite legal requirements to be protectable and enforceable.

**FOURTH CLAIM FOR RELIEF**
**Declaratory Relief: Unenforceability of Trade Dress**
**Non-Distinctive**

59.     Plaintiff Apollo re-avers and re-states the foregoing paragraphs inclusively as if fully set forth herein.

60.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

61.     In their Demand Letter, Defendants claim that the packaging for Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product infringes the Defendants' purported trade dress rights for Defendants' BRAZILIAN BUM BUM CREAM product, and, under a threat of legal action, demand that Plaintiff Apollo discontinue all use of its packaging and cease selling its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

62.      In their Demand Letter, Defendants claim they own trade dress rights in their BRAZILIAN BUM BUM CREAM packaging, comprised of "a bright yellow round tub with a white oversized cap/lid, and the product name printed in black around the outside of the cap/lid."

63.      Defendants have no trade dress rights in these packaging features because the features of Defendants' purported trade dress are non-distinctive.

64.      Defendants cannot register or otherwise protect or enforce their purported trade dress because it is non-distinctive.

65.      An actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist the use of Plaintiff Apollo's trade dress for its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

66.      An actual justiciable controversy also exists by way of the credible threat of immediate litigation and demand to cease and desist the sale of Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

67.      Plaintiff Apollo requests an order declaring that the Defendants' alleged trademark trade dress rights for the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product lack the requisite legal requirements to be protectable and enforceable.

**FIFTH CLAIM FOR RELIEF**
**Declaratory Relief: Non-Infringement of Trade Dress**

68.      Plaintiff Apollo re-avers and re-states the foregoing paragraphs inclusively as if fully set forth herein.

69.      This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

70.      In their Demand Letter, Defendants claim that the packaging for Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product infringes the Defendants'

purported trade dress rights for Defendants' BRAZILIAN BUM BUM CREAM product, and, under a threat of legal action, demand that Plaintiff Apollo discontinue all use of its packaging and cease selling its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

71.     The accused features on Plaintiff Apollo's product packaging do not function as trade dress and do not infringe any trade dress rights of Defendants.  Instead, the accused features are non-protectible functional features and/or are non-distinctive features.  These features cannot infringe any purported trade dress because trade dress rights do not subsist in functional and/or non-distinctive features.

72.     Furthermore, Plaintiff Apollo's use of its packaging is not likely to cause confusion, mistake, and/or deception among the purchasing public.  Plaintiff's packaging is very different than Defendants' purported trade dress.  Among other things, Plaintiff Apollo's packaging utilizes different colors on both the tub and the lid, different lettering, different styling, and a different product name, printed in a different color, around the outside of the lid.

73.     For example, Plaintiff Apollo's packaging uses Plaintiff Apollo's NUTRIUS® house brand, and also uses the words BODY BUTTER (*i.e.,* NUTRIUS® BRAZILIAN BODY BUTTER CREAM™).  Defendants' packaging, in stark contrast, makes no reference to Plaintiff Apollo's house brand, NUTRIUS®, and uses the words BUM BUM (*i.e.,* BRAZILIAN BUM BUM CREAM).  Moreover, Defendants' packaging uses the words "SOL de Janeiro" on the top of the lid of the container.  Plaintiff Apollo's packaging has no words on the top of the lid.

74.     In addition, Plaintiff Apollo had no intention of adopting, and did not adopt, Defendants' purported trade dress.  Furthermore, Plaintiff Apollo's accused NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product is sold through different channels of trade and at very different price points than Defendants' BRAZILIAN BUM BUM CREAM product

(approximately $10 per unit versus roughly $48 per unit).  Consequently, Plaintiff Apollo's use of its packaging is not likely to cause confusion, mistake, and/or deception.

75.     An actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist the use of Plaintiff Apollo's packaging for its NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

76.     An actual justiciable controversy also exists by way of the credible threat of immediate litigation and demand to cease and desist the sale of Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

77.     Plaintiff Apollo is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any purported trade dress rights owned by Defendants relating to the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product, either directly or by inducing others to infringe or by contributing to infringement by others.

**SIXTH CLAIM FOR RELIEF**
**Declaratory Relief: Exceptional Case Under 15 U.S.C. § 1117(a)**

78.     Plaintiff Apollo re-avers and re-states the foregoing paragraphs inclusively as if fully set forth herein.

79.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

80.     To bring a claim for unregistered trade dress infringement, Defendants must show three elements: distinctiveness; likelihood of confusion; and non-functionality.  Defendants' Demand Letter failed to show any of these elements, let alone all of them.

81.     Defendants asserted in their Demand Letter that "[i]n the event that we do not receive a timely and satisfactory response from Apollo and/or Apollo does not immediately

discontinue use of the Infringing Trade Dress and sale of the Infringing Products, we have been instructed to take whatever legal action is deemed necessary and appropriate to protect [Defendants'] valuable trademark rights, without further notice."

82.    In addition, Defendants stated in their Demand Letter that they may also take legal action against "one or more of [Plaintiff Apollo's] retailers/distributors."

83.    Defendants sent a copy of their Demand Letter to the "Legal Department" at Costco Wholesale.  Costco Wholesale is a current Plaintiff Apollo customer for the NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

84.    Defendants also sent a copy of their Demand Letter to the "Legal Department" at Walmart.  Walmart is one of Plaintiff Apollo's largest current customers for many personal care products, but Walmart is not a customer for the NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.

85.    The Demand Letter Defendants sent to Costco Wholesale and Walmart contains baseless assertions concerning Defendants' alleged trade dress rights and baseless assertions concerning Plaintiff Apollo's purported infringement of those rights.

86.    Defendants sent their Demand Letter to Costco Wholesale and Walmart to improperly, unfairly, and unlawfully disrupt Plaintiff Apollo's business relationships with key actual and potential customers for the NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product.  Defendants' decision to send their Demand Letter to Walmart -- an Apollo customer that does not even purchase or sell the NUTRIUS® BRAZILIAN BODY BUTTER CREAM™ product -- is particularly nefarious.

87.     Plaintiff Apollo is entitled to a declaration that this is an exceptional case under 15 U.S.C. § 1117, and that Plaintiff Apollo is entitled to an award of costs and reasonable attorney's fees in bringing this action.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a.      An order declaring Defendants' alleged trade dress rights for the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product lack the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

b.      An order declaring that Plaintiff Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM does not and has not infringed any valid, distinctive and enforceable trade dress rights owned by Defendants relating to the sale of product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product, either directly or by inducing others to infringe or by contributing to infringement by others;

c.      An order awarding Plaintiff Apollo damages in an amount to be proven at trial;

d.      An order awarding Plaintiff Apollo its attorneys' fees, costs, and expenses incurred in connection with this action; and

e.      An order awarding such other and further relief as this Court deems just and proper.

Dated: September 9, 2022

By:    /s/  *Jonathan P. Presvelis*_____
Jonathan P. Presvelis (#5693197)
GREENBERG TRAURIG, LLP
1 Vanderbilt Ave
New York, NY 10017
Phone: (212) 801-9368
Fax: (212) 801-6400
presvelisj@gtlaw.com

and

Craig S. Krummen (*pro hac vice application
forthcoming*)
GREENBERG TRAURIG, LLP
90 South 7th Street, Suite 3500
Minneapolis, Minnesota 55402
Phone: (612) 259-9719
Fax: (612) 677-3101
krummenc@gtlaw.com

*Counsel for Plaintiff Apollo Health and Beauty
Care Inc.*

ACTIVE 681869717v2