ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/18/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE,<br><br>Plaintiff,<br><br>v.<br><br>SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,<br><br>Defendants. | Civil Action No. 1:22-cv-07719-LLS |
| SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE and COSTCO WHOLESALE CORP.,<br><br>Counterclaim-Defendants. | SCHEDULING ORDER |

The parties respectfully submit this Proposed Scheduling Order pursuant to the Court's November 4, 2022 Order for Conference Pursuant to Rule 16(b) and the Court's November 16, 2022 Order Granting Letter Motion to Adjourn Conference. ECF Nos. 32 and 37.

**1.   the date of the conference and the appearances for the parties;**

A Rule 16(b) Conference was held on Wednesday, January 18, 2023 at 12:00 noon in courtroom 21C before the Honorable Judge Louis L. Stanton. Craig Krummen, Esq,. of the law firm Greenberg Traurig appeared on behalf of Plaintiff/Counterclaim-Defendant Apollo Healthcare Corp. and Counterclaim-Defendant Costco Wholesale Corp. John Margiotta, Esq., and

{F4966695.1}

Brian Leary, Esq., of the law firm Fross Zelnick appeared on behalf of Defendants/Counterclaim-Plaintiffs Sol De Janeiro USA Inc. and Sol De Janeiro IP, Inc.

2. **a concise statement of the issues as they then appeared;**

This is a complex intellectual property matter involving alleged trade dress infringement and alleged unfair competition. Plaintiff/Counterclaim-Defendant Apollo Healthcare Corp. ("Apollo") commenced this action by filing a Complaint and asserting a claim for declaratory judgment that the packaging for its NUTRIUS® BRAZILIAN BODY BUTTER CREAM product does not infringe any purported trade dress rights owned by Defendants/Counterclaim-Plaintiffs Sol De Janeiro USA Inc. and Sol De Janeiro IP, Inc. ("SDJ") relating to the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product. Plaintiff Apollo also asserted declaratory judgment claims concerning the unenforceability of Defendants SDJ's trade dress.

Defendants/Counterclaim-Plaintiffs SDJ, in turn, filed a Counterclaim and asserted trade dress infringement and unfair competition claims against Plaintiff/Counterclaim-Defendant Apollo and Counterclaim-Defendant Costco Wholesale Corp. ("Costco"). In addition, Defendants/Counterclaim-Plaintiffs SDJ asserted a contributory infringement claim against Plaintiff/Counterclaim-Defendant Apollo.

**Issues Presented In Plaintiff Apollo's Amended Complaint:**

a. Whether Defendants/Counterclaim Plaintiffs SDJ's alleged trade dress rights for the product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product lack the requisite requirements to be protectable on the Principal Register and to be enforceable.

{F4966695.1} Page 2

b.  Whether Defendants/Counterclaim Plaintiffs SDJ's purported trade dress for their product packaging is not protectable or enforceable because it fails to function as a source identifier.

c.  Whether Defendants/Counterclaim Plaintiffs SDJ's purported trade dress for their product packaging is not protectable or enforceable because the product packaging features are information, ornamental, and/or decorative.

d.  Whether Defendants/Counterclaim Plaintiffs SDJ's purported trade dress for their product packaging is not protectable or enforceable because the product packaging features are functional.

e.  Whether Defendants/Counterclaim Plaintiffs SDJ's purported trade dress for their product packaging is not protectable or enforceable because the product packaging features are non-distinctive.

f.  Whether Plaintiff/Counterclaim Defendant Apollo's NUTRIUS® BRAZILIAN BODY BUTTER CREAM has infringed any valid, distinctive and enforceable trade dress rights owned by Defendants relating to the sale of product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product, either directly or by inducing others to infringe or by contributing to infringement by others.

g.  Whether Plaintiff/Counterclaim Defendant Apollo is entitled to recover damages.

h.  Whether this is an exceptional cause under 15 U.S.C. § 1117.

i.  Whether Plaintiff/Counterclaim Defendant Apollo is entitled to recover exemplary and punitive damages.

j.  Whether Plaintiff/Counterclaim Defendant Apollo is entitled to recover its attorney's fees, costs, and expenses in connection with this action.

k.   Whether Plaintiff/Counterclaim Defendant Apollo is entitled to recover interest, including prejudgment interest.

**Issues Presented In Defendants' Counterclaims:**

a.   Whether Plaintiff/Counterclaim Defendant Apollo has infringed trade dress rights owned by Defendants relating to the sale of product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product, either directly or by inducing others to infringe or by contributing to infringement by others.

b.   Whether Plaintiff/Counterclaim Defendant Apollo's actions constitute willful trade dress infringement in violation of 15 U.S.C. § 1125(a).

c.   Whether Plaintiff/Counterclaim Defendant Apollo's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a) and/or New York common law.

d.   Whether Counterclaim Defendant Costco has infringed trade dress rights owned by Defendants relating to the sale of product packaging used in conjunction with their BRAZILIAN BUM BUM CREAM product.

e.   Whether Counterclaim Defendant Costco's actions constitute willful trade dress infringement in violation of 15 U.S.C. § 1125(a).

f.   Whether Counterclaim Defendant Costco's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a) and/or New York common law.

g.   Whether Defendants/Counterclaim-Plaintiffs SDJ are entitled to injunctive relief.

h.   Whether Defendants/Counterclaim-Plaintiffs SDJ are entitled to an accounting.

i.   Whether Defendants/Counterclaim-Plaintiffs SDJ are entitled to recover damages.

j.   Whether this is an exceptional cause under 15 U.S.C. § 1117.

k.    Whether Defendants/Counterclaim-Plaintiffs SDJ are entitled to recover exemplary and punitive damages.

l.    Whether Defendants/Counterclaim-Plaintiffs SDJ are entitled to recover their attorney's fees, costs, and expenses in connection with this action.

m.    Whether Defendants/Counterclaim-Plaintiffs SDJ are entitled to recover interest, including prejudgment interest.

**3.    a schedule including:**

A summary of proposed deadlines for this Proposed Scheduling Order is attached as Exhibit 1.

**a.    the names of persons to be deposed and a schedule of planned depositions;**

The parties shall complete their Rule 30(b)(6) depositions and fact witness depositions on or before September 15, 2023. The parties shall complete expert witness depositions on or before January 12, 2024. Discovery began very recently, and the parties have not yet determined the names of the persons to be deposed.

**b.    a schedule for the production of documents;**

The parties shall serve their Initial Disclosures on or before January 31, 2023. The parties shall serve their First Set of Document Requests on or before February 15, 2023.

**c.    dates by which (i) each expert's reports will be supplied to the adversary side, and (ii) each expert's deposition will be completed;**

Expert reports and disclosures for the party with the burden of proof on the particular issue shall be served on or before October 16, 2023. Rebuttal expert reports and disclosures shall be

served on or before November 15, 2023. Depositions of expert witnesses shall be completed on or before January 12, 2024.

      **d.    time when discovery is to be completed;**

Fact discovery shall be completed on or before September 15, 2023. Expert discovery shall be completed on or before January 12, 2024.

      **e.    the date by which plaintiff will supply his pre-trial order materials to defendant;**

Plaintiff and Counter-Plaintiff shall supply their pre-trial materials to their respective opposing parties on or before February 12, 2024.

      **f.    the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (i) proposed findings of fact and conclusions of law for a non-jury trial, or (ii) proposed voir dire questions and proposed jury instructions, for a jury trial; and**

Plaintiff and Counter-Plaintiff shall submit a pre-trial order in a form conforming with the Court's instructions together with the pre-trial materials described above on or before March 4, 2024.

      **g.    a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(e), to be filled in by the Court at the conference.**

The final pre-trial conference shall be held on ~~Friday~~ March 8_____, 2024. *at 12 noon*

      **4.    a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;**

*LLS*

The parties shall follow the limitations placed on discovery as set forth in the Federal Rules of Civil Procedure. The parties shall work in good faith to prepare and file a proposed Stipulation and Protective Order with the Court on or before January 31, 2023.

**5.     a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;**

The parties do not have any discovery issues that they were unable to reach an agreement at this time.

**6.     anticipated fields of expert testimony, if any;**

Discovery very recently began, and the parties have not yet identified all of the anticipated fields of expert testimony. The parties may call liability experts in different fields including, but not limited to, the field of consumer surveys. The parties may also call damages experts.

**7.     anticipated length of trial and whether to court or jury;**

This is a complex case amongst four parties involving trade dress infringement claims, declaratory judgment claims, injunctive relief claims, and damages claims. The parties anticipate that the length of the trial will last at least two weeks.

The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: January 11, 2023       By:    /s/ Craig S. Krummen
                                     Jonathan Peter Presvelis (5693197)
                                     GREENBERG TRAURIG, LLP
                                     1 Vanderbilt Ave
                                     New York, New York 10017
                                     Phone: (212) 801-9368
                                     Fax: (212) 801-6400
                                     presvelisj@gtlaw.com

                                     and

                                     Craig S. Krummen (*pro hac vice application pending*)
                                     GREENBERG TRAURIG, LLP
                                     90 South 7th Street, Suite 3500
                                     Minneapolis, Minnesota 55402
                                     Phone: (612) 259-9719
                                     Fax: (612) 677-3101
                                     krummenc@gtlaw.com

                                     *Counsel for Plaintiff and Counterclaim-Defendant Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care and Counterclaim-Defendant Costco Wholesale Corp.*

Dated: January 11, 2023       By:    /s/ John P. Margiotta
                                     John P. Margiotta
                                     Laura Popp-Rosenberg
                                     Brian Leary
                                     FROSS ZELNIK LEHRMAN & ZISSU, P.C.
                                     151 West 42nd Street, 17th Floor
                                     New York, NY 10036
                                     Phone: (212) 813-5900
                                     jmargiotta@fzlz.com
                                     lpopp-rosenberg@fzlz.com
                                     bleary@fzlz.com

                                     *Counsel for Defendants and Counterclaim-Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc.*

IT IS SO ORDERED.

Dated: January 18, 2023

By: /s/ *Louis L. Stanton*
Honorable Judge Stanton
United States District Court
Southern District of New York

ACTIVE 684481112v1

# EXHIBIT 1

## Summary of Proposed Deadlines

| | |
|---|---|
| Deadline for serving Initial Disclosures | January 31, 2023 |
| Deadline for serving First Set of Discovery | February 15, 2023 |
| Deadline to Amend the Pleadings or Join Additional Parties | August 17, 2023 |
| Deadline for Completion of Fact Discovery | September 15, 2023 |
| Deadline for Expert Reports and Disclosure of Expert Testimony for Party With Burden of Proof | October 16, 2023 |
| Deadline for Rebuttal Expert Reports and Disclosure of Rebuttal Expert Testimony | November 15, 2023 |
| Deadline for Completion of Expert Discovery | January 12, 2024 |
| ~~Deadline for Filing Summary Judgment Motions~~ [and Motions to Exclude Experts] | February 14, 2024 |
| Deadline for compliance with Section 4.A.1 of Individual Practices of Judge Lous L. Stanton | 21 days after the Court decides the summary judgment motions and motions to exclude experts  2/12/24 |
| Deadline for compliance with Section 4.A.2 of Individual Practices of Judge Lous L. Stanton | 42 days after the Court decides the summary judgment motions and motions to exclude experts ~~3/4/24~~ |
| Deadline for compliance with Section 4.A.3 of Individual Practices of Judge Lous L. Stanton | 63 days after the Court decides the summary judgment motions and motions to exclude experts |
| Deadline for compliance with Section 4.A.4 and 4.A.5 of Individual Practices of Judge Lous L. Stanton | 84 days after the Court decides the summary judgment motions and motions to exclude experts  3/4/24 |
| Date for Rule 16(e) Final Pre-Trial Conference | To be determined by the Court  Friday March 8 '24 at 12 noon |
| Trial Ready Date | To be determined by the Court |

{F4966720.1}    ACTIVE 684433933v1