UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

APOLLO HEALTHCARE CORP. d/b/a
APOLLO HEALTH AND BEAUTY CARE,                    22 Civ. 7719 (LLS)

                    Plaintiff,                    MEMORANDUM OPINION
                                                  AND ORDER
        - against -

SOL DE JANEIRO USA INC. and
SOL DE JANEIRO IP, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SOL DE JANEIRO USA INC. and
SOL DE JANEIRO IP, INC.,

                    Counterclaim-Plaintiffs,

        - against -

APOLLO HEALTHCARE CORP. d/b/a
APOLLO HEALTH AND BEAUTY CARE and
COSTCO WHOLESALE CORP.,

                    Counterclaim-Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USC SDNY
DOCUMENT
ELECTRONIC          FILED
USC #:
DATE          8|11|23

        Defendants' move for dismissal of the seventh and eighth claims in the Second Amended

Complaint. Those two claims involve plaintiff's and defendants' respective trademarks to

Brazilian Body Butter Cream and Brazilian Bum Bum Cream as used in connection with body

cream products. The preceding claims in the Second Amended Complaint, which were asserted in

the original Complaint in this action, deal with the parties' trade dress rights in the packaging of

the body cream products. The trade dress issues are not in dispute in this motion to dismiss the

trademark claims.

The alleged grounds for dismissal of the trademark claims are: there is no justiciable
controversy at present over the trademarks, and if there were the Court should dismiss it as an
inappropriate application for a declaratory judgment.

Under the Declaratory Judgment Act, a court has jurisdiction over a claim for declaratory
relief only when the case presents an "actual controversy." 28 U.S.C. § 2201(a). Thus "[t]he
question in each case is whether the facts alleged, under all the circumstances, show that there is
a substantial controversy, between parties having adverse legal interests, of sufficient
immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v.
Genentech, Inc., 549 U.S. 118, 127 (2007). In deciding whether such a controversy exists,
courts look at the totality of the circumstances and consider, in part, the threat of future
litigation, Nike, Inc. v. Already, LLC, 663 F.3d 89, 96 (2d Cir. 2011), and the existence of an
aggressive litigation strategy, Diamonds.net LLC v. Idex Online, Ltd., 590 F. Supp. 2d 593, 589
(S.D.N.Y. 2008).

The trademark dispute at issue here presents a justiciable controversy. Defendants have
served on plaintiff and two of plaintiff's customers a litigious demand letter, which defendants
now argue should only be used as evidence for the threat of litigation over trade dress rights, not
trademark rights. But Defendants' distinction between the trade dress and trademark claims is
too frail to support what would be in effect a severance and dismissal of half the claims in one
suit. The demand letter coupled with the proceeding before the TTAB supports finding that a
controversy exists, especially when "the finding of an actual controversy should be determined
with some liberality" in trademark cases. Classic Liquor Imps., Ltd. v. Spirits Int'l B.V., 151 F.
Supp. 3d 451, 455 (S.D.N.Y. 2015).

As the controversy is justiciable, the Court elects to exercise its discretion to accept

2

jurisdiction under the Declaratory Judgment Act. A declaratory judgment on the trademark issue would finalize the controversy and offer plaintiff and its customers relief from future uncertainty. Also, concerns for judicial economy support exercising jurisdiction. Proof of both claims have much in common. They share issues of originality, sources of discovery, likelihood of confusion, and resulting damages. They can readily be resolved in a single trial.

On the other hand, the prospect that either issue (trade dress or trademark) will separately lose significance is a hope too insubstantial to justify its dismissal on the present record.

The motion for dismissal of the seventh and eighth claims of the Second Amended Complaint is denied.

So Ordered.

Dated: New York, New York
     August   11   , 2023

                                Louis L. Stanton
                                LOUIS L. STANTON
                                U.S.D.J.

3