

# GreenbergTraurig

Tiffany A. Blofield
Tel 612.259.9721
Fax 612.677.3101
blofieldt@gtlaw.com

**MEMO ENDORSED**

```
USDC
DO
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/18/24
```

April 16, 2024

Hon. Louis L. Stanton
U.S. Courthouse
500 Pearl Street
New York, NY 10007

*FILED VIA CM/ECF*

Re: *Apollo Healthcare Corp. v. Sol de Janeiro USA Inc., et al*, No. 1:22-cv-07719-LLS

Dear Honorable Judge Stanton:

    This law firm represents Plaintiff and Counterclaim-defendants Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care and Costco Wholesale Corp. ("Costco") (collectively, "Apollo") in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases Rule 3.B ("Rule 3.B"), we write to respectfully request that Your Honor issue an order permitting Apollo to file under seal portions of expert reports and deposition testimony in connection with Apollo's motions for summary judgment on damages and liability, *Daubert* motions and motion to strike the Expert Report of Thomai Serdari pursuant to Fed. R. Civ. P. 37(c)("Motions"). Specifically, Apollo seeks to file Apollo and Costco's highly confidential and proprietary financial information under seal. To the extent that Defendant Counterclaim Plaintiff Sol de Janeiro USA Inc. and Sol de Janerio IP, Inc.'s (collectively "SDJ's") moving briefs or response briefs reference expert reports, expert testimony or the testimony of Luai Bashori who is the Chief Financial Officer ("Bashori") at Apollo Healthcare Corp. or Gus Monson who is the AVP Inventory & Margin Accounting at Costco ("Monson"), any financial information related to Costco or Apollo should be sealed.

    In addition, Apollo requests that the Court clarify that the briefing schedule for the parties' summary judgment motions, *Daubert* motions and motion to strike was the schedule presented during the parties' conference with Your Honor on February 9, 2024 that SDJ did not object to during the conference.

    In support with this request to seal highly confidential and proprietary financial information, Apollo submits the Declaration of Bashori at Apollo ("Bashori Decl.") and the Declaration Monson at Costco ("Monson Decl.") which explain the basis for the request for sealing financial information from Apollo and Costco.

*[Handwritten endorsement: So Ordered Louis L. Stanton 4/18/24]*

*[Handwritten note: The highlighted numbers (in yellow) may be sealed, but no other material. LLS]*

---

**Greenberg Traurig, LLP | Attorneys at Law**
90 South Seventh Street | Suite 3500 | Minneapolis, Minnesota 55402 | T +1 612.259.9700 | F +1 612.677.3101

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Long Island. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. Seoul. Shanghai. Silicon Valley. Singapore. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: "Greenberg Traurig Germany, LLP; "A separate UK registered legal entity; ˆGreenberg Traurig, S.C.; ˃Greenberg Traurig Santa Maria; ˜Greenberg Traurig LLP Foreign Legal Consultant Office; *Greenberg Traurig Singapore LLP; ^A branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho, "Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

ACTIVE 696028087v1

www.gtlaw.com

April 16, 2024
Page 2

 Counsel for Apollo raised issues of sealing with counsel for Defendant Counterclaim Plaintiff Sol de Janeiro USA Inc. and Sol de Janerio IP, Inc. (collectively "SDJ"), but SDJ has not yet substantively responded.

## I. Highly Confidential and Proprietary Financial Information is Routinely Sealed

 Under this Court's rules and the precedents of this Circuit, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-24 (2d Cir. 2006); *O'Connor-Roche v. RBC Capital Mkts.*, No. 22 Civ. 1467 (LLS), 2022 WL 769329, *1-2 (S.D.N.Y. March 14, 2022) (granting motion to redact relating to financial information pertaining to value of assets, revenue generated and employee compensation); *Tyson Foods, Inc. v. Keystone Foods Hldgs.*, No. 1:19-cv-010125 (ALC), 2020 WL 5819864, *2 (S.D.N.Y. Sept. 20, 2020) (granting motion to seal Tyson's financial income statements, forecasts and projections, customer information including sales broken down by month); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald L.P.*, No. 13 Civ. 1654(RA)(HBP), 2015 WL 429857, at *4-6 (S.D.N.Y. July 15, 2015) (allowing documents containing confidential information regarding business relationship between defendant and a third-party who is not a party to the action be filed under seal.); *Standard Inv. Chartered, Inc. v. Fin. Indus.*, 347 Fed. App'x. 615, 616-17 (2d Cir. 2009) ("interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.")

 In support of its Motions, Apollo needs to submit certain excerpts from expert reports and deposition transcripts that are and consist of highly confidential, proprietary, business-sensitive financial information. The redactions related to this financial information are identified by type of financial information and the specific pages of the expert reports and testimony in the Declaration of Tiffany A. Blofield ("Blofield Decl.") at ¶ ¶4, 6, 8, 10, 12, 14 and 16.[1] The redactions related to financial information were narrowly tailored to protect the sensitive financial information. *See* Blofield Decl. at ¶ 18. Because the records and communications identified in the Blofield Declaration are and consist of highly confidential, proprietary, business-sensitive financial information, and are reasonably limited in scope, Apollo respectfully submits that they should be protected from public disclosure. *See* Bashori Decl. ¶¶ 3-5; Monson Decl. ¶¶ 3-5. Apollo respectfully submits that they should be protected from public disclosure. Pursuant to

---

[1]  Apollo's requested redactions of financial information are in black for the redacted public facing copy and we have highlighted these redactions in yellow on the unredacted copy for the Court.
 Any redactions or highlighting in red in the expert report of John Plumpe dated October 16, 2023 and the expert report of Thomai Serderai dated October 16, 2023 reflect SDJ's previous redactions. Apollo takes no position on these redactions.
 We have filed Apollo's redacted versions of the Rebuttal Expert Report of Thomas Gorowsky CPA, CMA, CVA, MBA dated November 15, 2023 ("Gorwosky Rebuttal Report") and the Rebuttal Expert Report of Brian Buss dated November 29, 2023 ("Buss Report") under seal because we do not know what, if any, information SDJ will assert should be filed under seal. Apollo does not object to SDJ's financial information being under seal but we have no basis to support that such information should be sealed.

April 16, 2024
Page 3

*Lugosch* and the other cases discussed above, Apollo respectfully request that the highly confidential and proprietary financial information be sealed so as to protect them from public disclosure.

## II.  Request for Briefing Schedule

Apollo requests that the Court clarify that the briefing schedule for the parties' summary judgment motions, *Daubert* motions and motion to strike is the schedule that was presented during the parties' conference with Your Honor on February 9, 2024. *See* Blofield Decl. at ¶¶19-21 & Ex. H at p. 3:24-4:4. Specifically, Apollo proposed the following briefing schedule for these motions: one month for response briefs; and three weeks for reply briefs. *Id.* at ¶19 & Ex. H at Tr. at p. 3:24-4:4. SDJ did not object to the briefing schedule during the conference. *Id.* at ¶21. Apollo respectfully requests that the Court confirm this briefing schedule.

For the foregoing reasons, Apollo respectfully requests that the requested documents be permitted to be filed under seal and the Court clarify that the briefing schedule for the parties' summary judgment motions, *Daubert* motions and motion to strike is April 30, 2024 and then the response briefs are due May 30, 2024, and then the reply briefs are due on June 20, 2024.

*[Handwritten: So Ordered Louis L. Stanton 4/18/24]*

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

*[Signature: Tiffany Blofield]*
Tiffany A. Blofield

*Attorney for Plaintiff/Counterclaim-Defendant Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care and Counterclaim-Defendant Costco Wholesale Corp.*

Enclosures

cc:   All Counsel of Record