# GT GreenbergTraurig

Molly R. Littman-Johnson
Tel 612.259.9669
Fax 612.677.3101
Molly.Littman@gtlaw.com

## MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/7/24

November 7, 2024

Hon. Louis L. Stanton
U.S. Courthouse
500 Pearl Street
New York, NY 10007

*FILED VIA CM/ECF*

Re: *Apollo Healthcare Corp. v. Sol de Janeiro USA Inc., et al*, No. 1:22-cv-07719-LLS

Dear Honorable Judge Stanton:

We represent Plaintiff/Counterclaim Defendant Apollo Healthcare Corp. and Counterclaim Defendant Costco Wholesale Corp. (collectively "Apollo") in the above-referenced matter. We write in response to Defendant/Counterclaim-Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc.'s (together, "SDJ") letter dated November 6, 2024.

**The Court Should Not Allow SDJ To Manufacture a New Damages Claim at This Late Date To Support Its Jury Trial Request.**

In its November 6, 2024 letter, SDJ stated it "continues to seek. . . actual damages for the harm Apollo has caused to Sol de Janeiro's brand. . . ." (ECF No. 313, p. 1.) This statement is inaccurate. SDJ has never quantified and disclosed a damages claim for "harm caused to SDJ's brand." As explained below, SDJ only quantified and disclosed three damages claims: (1) a prospective corrective advertising damages claim; (2) a reasonable royalty damages claim; and (3) a disgorgement of profits damages claim. The Court dismissed the first two damages claims on summary judgment. (ECF No. 306.) Only the disgorgement of profits claim remains.

SDJ should not be allowed at this late date to claim "harm caused to SDJ's brand" as an "actual damages claim" in hopes that it will support SDJ's request for a jury trial. Instead, the Court should enforce its scheduling order and summary judgment ruling, and allow SDJ to move forward with only its disgorgement of profits claim. This claim is equitable in nature and must be tried to the Court.

**Greenberg Traurig, LLP | Attorneys at Law**
90 South Seventh Street  |  Suite 3500  |  Minneapolis, Minnesota 55402  |  T +1 612.259.9700  |  F +1 612.677.3101

Albany. Amsterdam. Atlanta. Austin. Berlin: Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia: Las Vegas. London: Long Island. Los Angeles. Mexico City. Miami. Milan: Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo: Seoul* Shanghai. Silicon Valley. Singapore: Tallahassee. Tampa. Tel Aviv: Tokyo: United Arab Emirates: Warsaw: Washington, D.C. West Palm Beach. Westchester County.

Operates as: +Greenberg Traurig Germany, LLP. +Greenberg Traurig Khalid Al-Thebity Law Firm; *A separate UK registered legal entity; +Greenberg Traurig, S.C. +Greenberg Traurig Santa Maria; Greenberg Traurig Brazil Consultores em Direito Estrangeiro – Direito Estadunidense; +Greenberg Traurig LLP Foreign Legal Consultant Office; *Greenberg Traurig Singapore LLP; *A branch of Greenberg Traurig, P.A., Florida, USA; *GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimugoshi Jimusho; Greenberg Traurig Limited; +Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k..

www.gtlaw.com

ACTIVE 703819397v2

November 7, 2024
Page 2

### A.    SDJ Did Not Disclose and Quantify A "Harm to Brand" Actual Damages Claim During Fact Discovery.

On February 9, 2023, Apollo served its First Set of Interrogatories and sought information concerning SDJ's alleged damages.  SDJ responded to Apollo's interrogatories as follows:

Interrogatory No. 4: Provide a computation, and total for, each and every category of damages you are seeking against Apollo.

Response: SDJ objects to this Interrogatory as prematurely seeking information that is the subject of expert disclosures . . . Subject to the foregoing General and Specific Objections, ***SDJ states that it will produce expert disclosures responsive to this Interrogatory in accordance with Federal Rule of Civil Procedure 26(a)(2) at the time provided in the operative Scheduling Order in this case***, currently ECF No. 45.

Interrogatory No. 5: Provide a computation of, and total for, each and every category of damages you are seeking against Costco.

Response: SDJ objects to this Interrogatory as prematurely seeking information that is the subject of expert disclosures . . . Subject to the foregoing General and Specific Objections, ***SDJ states that it will produce expert disclosures responsive to this Interrogatory in accordance with Federal Rule of Civil Procedure 26(a)(2) at the time provided in the operative Scheduling Order in this case***, currently ECF No. 45.

(emphasis added).  SDJ's interrogatory responses make no mention of an actual damages claim concerning "harm caused to SDJ's brand."  Moreover, SDJ never amended its interrogatory responses during fact discovery. On September 15, 2023, fact discovery closed. (ECF No. 45, Ex. 1.)

### B.    SDJ Did Not Disclose and Quantify A "Harm to Brand" Actual Damages Claim During Expert Discovery.

On October 16, 2023, expert discovery closed.  (*Id.*)  The only expert damages opinions that SDJ disclosed during the expert discovery period were those of Dr. Serdari and Mr. Plumpe.

Dr. Serdari quantified and disclosed only one damages claim: prospective corrective advertising damages.  This claim was dismissed as a matter of law on summary judgment.[1]  (ECF No. 306.)

Mr. Plumpe quantified and disclosed two damages claims: (1) reasonable royalty damages; and (2) disgorgement of profits damages. Mr. Plumpe's reasonable royalty damages claim was

---

[1] Dr. Serdari's opinion and testimony was subsequently excluded in its entirety.  (ECF No. 309.)

November 7, 2024
Page 3

dismissed on summary judgment. (*Id.*) Accordingly, the only surviving category of damages that SDJ disclosed and quantified in its expert reports is disgorgement of profits.

SDJ cannot now, on the eve of trial and in a misguided attempt to save its jury trial demand, claim to seek an amorphous "harm caused to SDJ's brand" category of "actual damages" when no such damages were disclosed and quantified in fact discovery or expert discovery. The only surviving category of damages that SDJ quantified and disclosed is disgorgement of profits. Those damages are equitable in nature and are subject to a bench trial, not a jury trial. Consequently, the Court should confirm at the upcoming status conference that SDJ is not entitled to a jury trial.

**The Court Should Clarify That SDJ Must Supplement Its Expert's Report Concerning Disgorgement of Profits At The Same Time SDJ Serves It Proposed Findings of Fact.**

Finally, Your Honor's most recent Memo Endorsement established that on **November 18, 2024,** SDJ must serve its proposed findings of fact and comply with Section 4.A.1 of Your Honor's Individual Practices. (ECF Nos. 305 and 309.) Apollo respectfully requests that the Court clarify its scheduling order and require that SDJ must supplement its expert report concerning disgorgement of profits by no later than November 18, 2024, the same date SDJ's proposed findings of fact are due. Any later supplementation date would prejudice Apollo's ability to comply with Section 4.A.2 of Your Honor's Individual Practices and provide notice concerning which of SDJ's proposed findings of fact are contested. Apollo must be allowed to see SDJ's purported supplemental disgorgement of profits damages claim to be able to meaningfully contest it.

Respectfully submitted,

Molly R. Littman-Johnson

*Attorneys for Plaintiff/Counterclaim-Defendant Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care and Counterclaim-Defendant Costco Wholesale Corp.*

**MEMORANDUM ENDORSEMENT**

APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE v.
SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,
22 Civ. 7719 (LLS)

Apollo's October 25, 2024 letter to the Court seeking to strike Sol de Janeiro's jury demand is taken as its moving brief as of today, and Sol de Janeiro has until November 22, 2024 to serve and file its response thereto.

The current deadlines in the present schedule are suspended, to be reset when the Court decides the issues of retaining the jury.

So ordered.

Dated:    New York, New York
          November 7, 2024

                                   _Louis L. Stanton_
                                   LOUIS L. STANTON
                                   U.S.D.J.