

151 West 42nd Street, 17th Floor
New York, NY 10036

John P. Margiotta
Partner

T 212.813.5957
jmargiotta@fzlz.com

MEMO ENDORSE

December 12, 2024

**VIA ECF**
Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/24

Re: *Apollo Healthcare Corp. v. Sol De Janeiro USA Inc., et al.*, No. 1:22-cv-07719-LLS

Dear Judge Stanton:

We represent Counterclaim-Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. (together, "Sol de Janeiro"). We write in response to Apollo's December 10 letter (ECF 320) seeking a status conference. We do not believe such a conference is necessary and believe that this is another stall tactic from Apollo that should be rejected.

As the Court knows, until recently, the parties had a final pre-trial conference date of January 15, 2025. Our client has been diligent in attempting to avoid delays since Apollo and Costco are still selling the products at issue, and our client is being harmed on a daily basis. Apollo has moved several times to have the pre-trial deadlines put off indefinitely, and when it moved again by letter dated October 11, 2024 (ECF 314), to amend the Scheduling Order to provide the parties' deadline for exchanging Section 3.A.1 pre-trial submissions, the Court granted that request over our objection. (ECF 305.)

But even in that request, Apollo asked only that, once the pending motions were decided, it have 21 days from the decision for the parties to exchange Section 3.A.1 pre-trial submissions, and that the Court have the parties in to confer about the remainder of the dates and a date for the pre-trial conference.

Then, Apollo moved to strike the jury, and the Court suspended all pending pre-trial deadlines. (ECF 315.) But as we understand the status of that motion to strike, the Court has ruled against Apollo. (ECF 319.) For that reason, we contacted opposing counsel late last week to meet and confer about dates to make pre-trial disclosures, hoping to come to agreement and jointly submit them to the Court. But opposing counsel refused, saying that he thought that the motion to strike was still pending, and that it was premature to agree on any deadlines.

We disagree, and we propose the following deadlines:

**January 10, 2025**: Deadline for complaint with Section 4.A.1 of Individual Practices.

So Ordered

T 212.813.5900  F 212.813.5901                    frosszelnick.com / Fross Zelnick Lehrman & Zissu, P.C.

So Ordered
Louis L. Stanton
12/13/24

**January 31, 2025**: Deadline for compliance with Sections 3.A.2.a, b, and c of Individual Practices.

**February 21, 2025**: Deadline for compliance with Sections 3.A.3.a, b, and c of Individual Practices.

**March 21, 2025**: Deadline for compliance with Sections 3.A.4, 3.A.5 and 3.B.2 of Individual Practices.

**March 28, 2025** (or at the Court's earliest convenience thereafter): Final pre-trial conference.

12:30 PM LLS

With regard to Apollo's further request that Sol de Janeiro be ordered to produce a supplementation of its expert's calculations on disgorgement, we also discussed this during our last meet and confer with opposing counsel. We made the point, which we still believe to be true, that it is a waste of the parties' resources to update the expert's disgorgement calculations now, when trial is still months away and sales are ongoing. We proposed, instead, that we wait until the final pre-trial date is set, and then do this exercise once rather than multiple times. Apollo insists that we must update our expert's calculation of profits for disgorgement now, even though Apollo acknowledges that both parties will need to update these disclosures again before trial.

We see no need for a conference on this issue. If the Court wishes for us to update the disgorgement number now, we are prepared to do so on one week's notice. If, however, the Court agrees with us, and sees this as unnecessary make-work at this time, we ask that the Court order the parties to come to an agreement regarding supplemental productions of Apollo and Costco's sales data, our expert's calculation of profits, and their expert's rebuttal once the final pre-trial date has been determined. The parties can and should work this out amongst themselves once that date has been determined.

Finally, with regard to Apollo's insinuations that Sol de Janeiro intends to introduce new damages claims through previously undisclosed expert testimony, that has no basis in fact. Sol de Janeiro has a right and obligation to supplement its expert disclosures consistent with the Federal Rules of Civil Procedure. If Apollo believes any such supplementation to be improper, it can move to strike it after the supplementation has been made, not beforehand based on conjecture.

Respectfully Submitted,

/s/John Margiotta

John P. Margiotta

Hon. Louis L. Stanton, United States District Judge
December 12, 2024
Page 3

cc:     All Attorneys via ECF