

151 West 42nd Street, 17th Floor
New York, NY 10036

**John Margiotta**
Partner

T 212.813.5957
jmargiotta@fzlz.com

February 12, 2025

**VIA ECF**
Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

Re: *Apollo Healthcare Corp. v. Sol De Janeiro USA Inc., et al.*, No. 1:22-cv-07719-LLS

Dear Judge Stanton:

We represent Counterclaim-Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. (together, "Sol de Janeiro") and write pursuant to Your Honor's Individual Rules of Practice Section 2.A to respectfully request a pre-motion conference regarding Sol de Janeiro's intended motion to clarify which party will proceed first at trial.

### I. Relevant Background

This action arises from Sol de Janeiro's assertion that Counterclaim-Defendants Apollo Healthcare Corp. ("Apollo") and Costco Wholesale Corp. ("Costco") infringe Sol de Janeiro's unregistered BRAZILIAN BUM BUM trade dress for a body cream. Sol de Janeiro first raised these claims in a letter to Apollo, with a copy to Costco, and demanded that Apollo cease and desist. Apollo then filed a complaint in this Court, seeking a declaratory judgment that Sol de Janeiro's BRAZILIAN BUM BUM trade dress is not protectable and that, in any event, Apollo did not infringe it. (Dkt. No. 306 at 4-5; *see also* Dkt. No. 1.) Sol de Janeiro filed counterclaims against Apollo for trade dress infringement and unfair competition under federal and New York State law and, bringing Costco into the action, filed counterclaims against Costco as well. (Dkt. No. 29.) Costco answered Sol de Janeiro's counterclaims but did not assert any affirmative claims for relief. (*See* Dkt. No. 41.)

The primary issues to be tried in this case are whether Sol de Janeiro's trade dress is protectable, whether Apollo and Costco have infringed the Sol de Janeiro's trade dress, and whether Apollo and Costco have infringed Sol de Janeiro's BRAZILIAN BUM BUM trademark. Sol de Janeiro bears the burden of proof on each of these issues.

### II. Sol de Janeiro Should Proceed First at Trial.

"District courts have broad discretion to set the order of proof at trial" or to "realign parties so that the named plaintiff becomes the defendant and the named defendant becomes the plaintiff." *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 17-CV-0252 (JKB), 2019 WL 2360929, at *1 (D.

Hon. Louis L. Stanton, United States District Judge
February 12, 2025
Page 2

Md. June 4, 2019); *see also* Fed. R. Evid. 611(a) (trial courts have discretion to "control over the mode and order of examining witnesses and presenting evidence"). Realignment of the parties is appropriate if it "will make the burdens and the evidence in a factually complex case simpler for the jury to follow." *BioNTech SE v. CureVac SE*, 23-CV-0222 (JKW)(DEM), 2025 WL 77391, at *2 (E.D. Va. Jan. 10, 2025); *see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 91-CV-6103, 1995 WL 5895, at *3 (N.D. Ill. Jan. 4, 1995) (realigning parties "in keeping with the Court's goal of ensuring the presentation of evidence to the fact-finder in an orderly and sensible manner"); Stephen E. Arthur & Robert S. Hunter, *Fed. Trial Handbook: Civil* § 19:1 (2024) (realignment of parties is warranted "to minimize jury confusion.").

Numerous courts have ordered realignment where, as here, the nominal plaintiff, upon receipt of a cease-and-desist letter, seeks a declaratory judgment that the nominal defendant's intellectual property is not valid or has not been infringed. *See, e.g.*, *Brandt Indus., Ltd. v. Pitonyak Mach. Corp.*, 10-CV-0857 (TWP)(DML), 2012 WL 4357447, at *4 (S.D. Ind. Sept. 24, 2012) ("The Court agrees that it would be illogical and would complicate this already complicated case if [the declaratory judgment plaintiff] were to present its defenses first. As such, the parties are to be realigned where [the declaratory judgment defendant] will present its case first to jury, followed by [the declaratory judgment plaintiff], and then conclude with rebuttal from [the declaratory judgment defendant]."); *see also BioNTech SE*, 2025 WL 77391, at *2 ("It will be easier for a jury to understand this as an infringement case with an invalidity defense than as an invalidity case with infringement counterclaims.").

Moreover, courts have recognized that realignment is especially warranted where, as here, the nominal defendant bears the burden of proof on the primary substantive issues to be tried. This Court's decision in *Starter Corp. v. Converse, Inc.* is instructive. 95-CV-3678 (CSH), 1996 WL 694437 (S.D.N.Y. Dec. 3, 1996). In *Starter Corp.*, Converse asserted in a demand letter that the logo on Starter's forthcoming shoes infringed Converse's star logo. Starter then commenced an action seeking a declaration of noninfringement under the Declaratory Judgments Act. Converse did not assert a counterclaim but requested that the parties be realigned for trial so that Converse, the nominal defendant, would be considered the plaintiff, presenting its case first at trial.  In response, Judge Haight advised the parties that he would realign the parties if Converse stipulated that it did not contest that the Court had subject matter jurisdiction under the Declaratory Judgments Act. *Id.* at *2-3. The Court reasoned that once Converse so stipulated, "Starter would then have no burden of proof to bear, and the case becomes solely one of infringement vel non, with Converse bearing the sole burden of proof." *Id.* at *3. Upon receipt of Converse's stipulation, Judge Haight realigned the parties for trial, allowing Converse to open and close to the jury, "because Converse now had 'the burden of proof on the only remaining

Hon. Louis L. Stanton, United States District Judge
February 12, 2025
Page 3

substantive issue,' namely, whether use of the Starter marks on shoes would infringe upon the Converse mark." *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 291 (2d Cir. 1999) (footnote omitted) (quoting *Starter Corp.*, 1996 WL 694437, at *3).

The argument for realignment of the parties is even stronger here than it was in *Starter Corp.* for at least two reasons. First, Sol de Janeiro does not contest that there is a case or controversy under the Declaratory Judgments Act; to the contrary, Sol de Janeiro has asserted counterclaims for infringement of its trade dress and trademark. Since Sol de Janeiro has (and has always had) "the burden of proof on the only … substantive issue[s]" in this case, the parties should be realigned so that Sol de Janeiro will be considered the plaintiff and present its case to the jury first. *Id.*; *see also Sazerac Co. v. Skyy Spirits, Inc.*, 95-CV-3243, 1996 WL 680248, at *1 (E.D. La. Nov. 21, 1996) ("The Court finds that the realignment of the parties provides the most effective presentation of evidence at trial…. The Court finds it most effective and appropriate to set the trade dress claim first, leading with the party that has the burden of proof.").

Second, unlike *Starter Corp.*, which involved only two parties—a declaratory judgment plaintiff and a declaratory judgment defendant—there is a third party in this case, Costco, which is solely a counterclaim defendant. With no affirmative claims to prove or burdens to bear, Costco has no basis to present its defenses before Sol de Janeiro presents its infringement claims. Trial of this case would be inefficient and extremely confusing to the jury if (i) Apollo were to present its defenses to Sol de Janeiro's infringement claims first, (ii) Sol de Janeiro were to present its infringement claims against Apollo *and Costco* second, and (iii) Costco were to present its defenses to Sol de Janeiro's claims third. It would be clearer for the jury, and far more efficient, to hear Sol de Janeiro's infringement claims first, and Apollo's and Costco's defenses second.

We have raised this issue with opposing counsel, and they are taking the position that the Court already ruled on this issue during a conference on February 9, 2024. We disagree. We had not moved to realign the parties at that time, and the discussion at the conference related solely to preparation of the final pre-trial order under Your Honor's rules.

For the foregoing reasons, Sol de Janeiro respectfully requests leave of Court to file a motion to realign the parties or, in the alternative, to revise the order of proof at trial so that Sol de Janeiro will proceed first and close last at trial.

Respectfully submitted,

 /s/John P. Margiotta

John P. Margiotta

cc: Counsel of record for all parties, via ECF