ORIGINAL

## MEMORANDUM ENDORSEMENT

APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE v.
SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,
22 Civ. 7719 (LLS)

Apollo was first to go to court, with its claim for a declaratory judgment that its body cream did not infringe Sol de Janeiro's Brazilian Bum Bum trade dress, which it claimed was unprotectable anyway.

Accordingly, Apollo has had the priority position of plaintiff in most of the pretrial procedures, while Sol de Janeiro's claims of infringement have been asserted as counterclaims made by the defendant.

However, the case is now on the brink of trial on the trade dress, trademark, and unfair competition issues under New York and federal law, and Sol de Janeiro has the burden of proof on most issues.

It is commonplace that the party with the burden of proof is the one who presents its claim first, then the defending parties (here, Apollo and Costco), and then the burdened party has the last word in rebuttal. That sequence provides the clearest presentation of the evidence, and the simplest to follow. It is the sequence which will be followed in this case, as it is in the greatest majority of trademark trials.

Also, it is easiest if the parties are identified by their names, rather than the name of the role they are presently playing in the process: "Apollo" or "Sol de Janeiro," rather than "plaintiff" or "counterclaimant," for example.

So ordered.

Dated:    New York, New York
          February 18, 2025

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC
DATE FILED: 2/18/25

# FZ FROSS ZELNICK

151 West 42nd Street, 17th Floor
New York, NY 10036

**John Margiotta**
Partner

T 212.813.5957
jmargiotta@fzlz.com

MEMO ENDORSED

February 14, 2025

**VIA ECF**
Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

Re: *Apollo Healthcare Corp. v. Sol De Janeiro USA Inc., et al.*, No. 1:22-cv-07719-LLS

Dear Judge Stanton:

We represent Counterclaim-Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. (together, "Sol de Janeiro"). We write in reply to Apollo's February 13, letter (ECF 328) opposing our client's request to file a motion for realignment of the parties.

The order of presentation at trial is left to Court's discretion, and we understand that well. For that reason, we will not belabor the points that we have already made, or dispute point by point each of Apollo's arguments. We write, however, to correct two important misstatements in Apollo's letter.

First, in a footnote at the end of its letter, Apollo seeks to distinguish this case from *Starter Corp. v. Converse Inc.*, by arguing, among other things, that "Converse did not request realignment on the eve of trial." (Dkt. No. 328 at 4 n.1.) But the Court's decision on Converse's request for realignment makes clear that Converse's request to realign was decided far closer to trial than this would be. In fact, the parties only began debate on realignment in a series of letters between November 22 and 27, 1996, when the jury trial commenced on December 9, 1996. *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 291 (2d Cir. 1999) ("Trial [before the District Court] began on December 9, 1996 and lasted nine days."); *Starter Corp. v. Converse, Inc.*, 95-CV-3678 (CSH), 1996 WL 694437, at *1-2 & n.1 (S.D.N.Y. Dec. 3, 1996) (discussing parties' November 22, 1996, November 25, 1996, and November 27, 1996, letter briefs concerning realignment request). Judge Haight did not render his decision on realignment until December 3, 1996, less than one week before trial. (*See id.*) It is false to assert that Sol de Janeiro's request to make its motion is too late. The parties do not even have a trial date yet.

It is also false to argue that this issue was already decided at the February 9, 2024 conference before Your Honor. As we already noted, neither party had made a motion at that time about the order of presentation at trial. There was no briefing on the issue, and no discussion of that issue. The only discussion had at that time was about which party would handle filing the consolidated pretrial order, nothing more.

**frosszelnick.com** / Fross Zelnick Lehrman & Zissu, P.C.

Hon. Louis L. Stanton, United States District Judge
February 14, 2025
Page 2

In the end, again, we understand that this is purely a matter of discretion for the Court. We, however, believe strongly that this case will be more efficiently tried and easier for the jury to understand if our client, the trademark owner in this case and the party that bears the burden of proof on all the substantive claims at issue, proceeds first at trial. There is no doubt that our client is the true Plaintiff here. Apollo's declaratory judgment case is all a matter of defending itself against claims of infringement launched by our client in a letter to Apollo. The narrative in Court should follow the narrative that actually occurred, and Apollo's letter is silent as to how efficiency or clarity would be served in any way by having it present first in a case where it bears no substantive burden of proof.

Respectfully Submitted,

/s/John Margiotta

John P. Margiotta

cc:     All Attorneys via ECF