IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE,<br><br>Plaintiff,<br><br>v.<br><br>SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,<br><br>Defendants.<br><br>SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE and COSTCO WHOLESALE CORP.,<br><br>Counterclaim-Defendants. | Civil Action No.: 1:22-cv-07719-LLS<br><br><br><br>**DECLARATION OF JOHN G. PLUMPE** |

I, John G. Plumpe, declare as follows:

1. The statements made in this declaration are based on my personal knowledge and are known by me to be true and correct. I am fully competent to provide this declaration, which I offer to summarize my anticipated trial testimony.

2. I have been retained as an expert in the above-captioned case by counsel on behalf of Defendants and Counterclaim-Plaintiffs Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. ("Sol de Janeiro"), to offer expert opinions and analysis regarding monetary relief in this action;

specifically, the amount of net sales and profits that may be subject to disgorgement if Plaintiff and Counterclaim-Defendant Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care ("Apollo") and Counterclaim-Defendant Costco Wholesale Corp. ("Costco") are found liable on Sol de Janeiro's claims against them. I may also be asked to respond to opinions and testimony of Thomas J. Gorowsky, the expert hired by Apollo and Costco to rebut the opinions set forth in my expert report. A true and correct copy of my expert report, which sets forth my anticipated testimony, is attached hereto as **Exhibit A**.

3.   I am a Managing Director of Epsilon Economics ("Epsilon"), an economic consulting firm. I hold Bachelor of Science and Master of Science degrees in Mechanical Engineering from the University of Illinois and a Master of Business Administration degree from the University of Chicago Booth School of Business, where I graduated with honors.

4.   Since 1999, my practice has focused on the analysis of damages, monetary relief, and valuation issues in complex commercial disputes and transactions, including trademark, false advertising, copyright, trade secret and other intellectual property and breach of contract matters. I have written articles and spoken extensively to various professional organizations and law schools on subjects such as intellectual property damages, defendant's profits, reasonable royalties, and valuation. I have testified at trial in federal district court, in deposition, and in arbitration on issues including intellectual property monetary relief, breach of contract damages, licensing, and valuation.

5.   I am active in the International Trademark Association ("INTA"), in which I have held leadership positions for many years. My participation in INTA includes being the co-Chair of the 2022 Presidential Task Force on Intellectual Property Reporting, as well as involvement in the Brand Valuation Project Team and the IP Accounting & Brand

2

Valuation Standards Project Team. I was selected to the World Intellectual Property Organization's ("WIPO") 2023 Expert Consultative Group on Valuation of Intangible Assets. A copy of my curriculum vitae is attached hereto as **Tab 1 of Exhibit A**.

6. My testimony will address the calculations of Apollo's and Costco's net sales and profits as an appropriate remedy in this matter based on my analysis of the relevant documentary evidence produced and other information produced in this matter, the data and information cited in my expert report, my research, and my education and experience. I have determined:

- Apollo realized net sales of $14.43 million from selling the Accused Product in the U.S. during the period from June 2022 through July 2023;
- To estimate Apollo's profits from selling the Accused Product, I deducted an estimate of Apollo's cost of goods sold for the Accused Product and its expenses in advertising the Accused Product and in reimbursing Costco for implemented price discounts, which result in Apollo profits from selling the Accused Product in the U.S. of $6.06 million during the period from June 2022 through July 2023;
- Costco realized net sales of $13.05 million from selling the Accused Product in the U.S. (covering the date range from January 1, 2022 through August 6, 2023); and
- To estimate Costco's gross profits from selling the Accused Product, I deducted Costco's cost of goods sold, referred to by Costco as "Cost (Apollo)," for the Accused Product, which results in Costco gross profits from selling the Accused Product in the U.S. of $1.57 million (covering the date range

from January 1, 2022 through August 6, 2023).

7. These opinions are based on data produced by Apollo and Costco as of the close of fact discovery on September 15, 2023. I understand that the parties have agreed to provide updated financial data and arrange a schedule to prepare additional expert reports based thereon. My testimony at trial will incorporate these additional facts and opinions.

8. My trial testimony may also involve responses to any criticisms of my calculations of Apollo's and Costco's net sales and profits by Apollo's and Costco's expert Thomas J. Gorowsky, who provided a rebuttal report addressing my calculations of Apollo's and Costco's net sales and profits. My testimony will also explain that it is Apollo's and Costco's burden to prove all elements of cost and deduction claimed and that the costs and deductions that Apollo, Costco, and Mr. Gorowsky allege are not adequately proven.

9. I reserve my right to respond to any other questions elicited by Apollo or Costco at trial, respond to any new evidence produced in this case, and respond to any new opinions offered by Apollo's and Costco's experts at trial.

10. A list of all documents and sources on which I will rely on for my testimony are in **Exhibit B**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _19_ day of March 2025 in Chicago, Illinois.

John G. Plumpe