IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE<br><br>Plaintiff,<br><br>v.<br><br>SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,<br><br>Defendants. | Civil Action No.: 1:22-cv-07719-LLS |
| SOL DE JANEIRO USA INC. and SOL DE JANEIRO IP, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE and COSTCO WHOLESALE CORP.,<br><br>Counterclaim-Defendants. | |

**OMNIBUS NOTICE OF
THE APOLLO PARTIES'
<u>MOTIONS IN LIMINE</u>**

PLEASE TAKE NOTICE THAT, pursuant to the Federal Rules of Evidence, Court orders

and/or other authority identified in each motion, Apollo Healthcare Corp. and Costco Wholesale

ACTIVE 708894504v1

Corp. (together, "The Apollo Parties"), by and through their undersigned counsel, hereby move for an order granting the following motions in limine:

- Motion to Preclude SDJ's Fact Witness Testimony Regarding Damages;

- Motion to Preclude Expert Testimony that Goes Beyond Expert Report Under Rule 26(a)(2)(B);

- Motion to Preclude Dr. Serdari's testimony pursuant to the Court's summary judgment rulings;

- Motion to preclude SDJ from introducing punitive damages evidence;

- Motion to Preclude SDJ from offering any trade dress definition other than the product design trade dress definition in their Counterclaim and Interrogatory Responses;

- Motion to preclude non-point of sale evidence of Apollo's Accused Product;

- Motion to Preclude Dr. Neal From Testifying About A Purported 15.1% Net Confusion Rate That Cannot Be Generalized To Real World Conditions;

- Motion to Preclude SDJ's purported evidence of actual confusion;

- Motion to Preclude Heela Yang from Offering Anecdotal and Unsupported Evidence Concerning Purported Evidence of Actual Confusion;

- Motion to Preclude Heela Yang Deposition Exhibit 9 from Being Introduced as an Incomplete Exhibit at Trial Pursuant To Fed. R. Evid. 106;

- Motion to Depose SDJ's Untimely Disclosed Witness Charles Louvrier; Conduct Depositions Regarding SDJ's Untimely Disclosed Reports; Produce the Withheld Reports and to Preclude SDJ from Relying On the Belatedly Produced Reports and Belatedly Disclosed Witness; and

- Motion to Preclude SDJ from Offering Evidence Concerning the NUTRIUS® Product That Does Not Replicate Market Conditions.

In support of these motions in limine, the Apollo Parties rely upon their contemporaneously filed memoranda of law in support of each motion and the Declaration of Tiffany A. Blofield and included exhibits.

Dated: March 21, 2025   By:   /s/ Craig S. Krummen
Craig S. Krummen (*Admitted Pro Hac Vice*)
Tiffany A. Blofield (*Admitted Pro Hac Vice*)
Benjamin P. Gilford (*Admitted Pro Hac Vice*)
Molly R. Littman-Johnson (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
90 South 7th Street, Suite 3500
Minneapolis, Minnesota 55402
Phone: (612) 259-9719
Fax: (612) 677-3101
krummenc@gtlaw.com
blofieldt@gtlaw.com
gilfordb@gtlaw.com
molly.littman@gtlaw.com

Jonathan Peter Presvelis (5693197)
GREENBERG TRAURIG, LLP
1 Vanderbilt Ave
New York, New York 10017
Phone: (212) 801-9368
Fax: (212) 801-6400
presvelisj@gtlaw.com

*Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care and Costco Wholesale Corp.*