

151 West 42nd Street, 17th Floor
New York, NY 10036

**John Margiotta**
Partner

T 212.813.5957
jmargiotta@fzlz.com

April 10, 2025

**VIA ECF**

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312

      Re:   *Apollo Healthcare Corp. v. Sol de Janeiro USA Inc., et al.*,
             No. 1:22-cv-07719-LLS

Dear Judge Stanton:

We represent Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. (together, "Sol de Janeiro") in the above-captioned action. We write in response to Apollo's letters filed April 4, 2025 (ECF No. 394) and April 9, 2025 (ECF No. 397).

In its April 4 letter, Apollo states "Your Honor indicated Apollo would be allowed to conduct discovery concerning the Authentix and Navee brand enforcement that SDJ failed to produce until just 30 days before the scheduled Final Pre-Trial Conference" and implies that such discovery would include discovery of Authentix and Navee directly. This is not true.

As we explained at the March 28 Final Pre-Trial Conference, Sol de Janeiro recently produced the brand enforcement documents at issue in response to a late-produced expert report by Apollo, served on Sol de Janeiro more than one year after the close of expert discovery. These reports have nothing to do with functionality, they have to do with brand enforcement efforts by our client. The reports are business records, and we have already indicated several times, including in front of Your Honor, that we are willing and eager for Apollo to take the deposition of Charles Louvrier, head of brand enforcement at Sol de Janeiro's parent company, who will be the sponsoring witness for these business records. We made this offer first on March 14 and have reiterated it several times since. To date, Apollo has shown no interest in deposing Mr. Louvrier.

What Apollo would like, instead, is to engage in a frolic and detour bound to delay this case for many months or even years. Navee and Authentix are foreign corporations over which our client has no control, and arranging for their depositions or subpoenaing documents from them would be, at least, very complicated. They are paid vendors who execute a brand enforcement program run by Mr. Louvrier, Sol de Janeiro's head of brand enforcement. Sol de Janeiro will not call these two companies to appear at trial, and if the Court wants a stipulation to that effect, we will provide it.

Hon. Louis L. Stanton, United States District Judge
April 10, 2025
Page 2

Apollo seeks documents and discovery that go beyond what Sol de Janeiro has already provided with regard to Navee and Authentix, and Your Honor specifically stated that our proposal that they take Mr. Louvrier's deposition was reasonable and further discovery of Navee and Authentix was not necessary. Your Honor stopped short of ruling on the matter but stated that it was your "strong advice" to Apollo that it not pursue discovery of Navee and Authentix. Your Honor further stated, "If it's delaying the process of an efficient way of getting to an important point in this case, then it's not going to be allowed, because it's too high a price to pay for too little value, compared to what you've already got." (ECF 392 at 45:20-46:1). Despite the Court's direct advice, Apollo now tries to stall and expand the case again for no utility.

The letter Apollo submitted yesterday only underscores how little purpose would be served by deeper discovery concerning Navee or Authentix. Apollo's submission reads like a summary judgment brief (complete with extensive case law and an accompanying declaration) Yet, Apollo does not point to any further evidence regarding Navee or Authentix that would make its arguments more complete.

With regard to Apollo's opposition to Sol de Janeiro's renewed request for a trial date, nothing in Apollo's letter addresses the elephant in the courtroom: Apollo is free to argue its functionality defense at trial, no one is denying that, but the issue of functionality is highly fact-intensive and for a jury to determine. *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1002 (2d Cir. 1997) ("Whether a trade dress is or is not functional is a question of fact . . . ."); *see also, e.g.*, *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 81 (S.D.N.Y. 2009) (denying summary judgment on functionality because it is a fact question); *E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, 00-CV-8670 (LTS)(GWG), 2005 WL 535065, at *9 (S.D.N.Y. Mar. 8, 2005) (same).

Apollo piles contested fact upon contested fact in its argument that Sol de Janeiro's trade dress *in this case* is functional. It argues that Sol de Janeiro's application to register a different trade dress is relevant to this case, and Sol de Janeiro disputes this. Apollo argues that the PTO's requirement for a disclaimer of certain matter related to a different trade dress shows that the BUM BUM Trade Dress cannot be protected. Sol de Janeiro disputes this too. Apollo argues that the color of Sol de Janeiro's BUM BUM product is functional because "caramel denotes the fragrance of the cream" and the print on the product name is "functional because words cannot be efficiently printed on the sloped side or the rounded bottom of the container." (ECF 397 at 8.) These are all disputed points that should be decided by a jury. Moreover, the color and writing on the jar have not changed since Apollo filed this action; nearly three years into the case it would be tremendously prejudicial to Sol de Janeiro to allow a further delay to argue summary judgment on facts that have been plain as day from the outset.

Most surprising, Apollo's lengthy letter fails to grapple with (or even mention) clear Second Circuit law cited in our letter of April 4: the overall trade dress of a product package may be

Hon. Louis L. Stanton, United States District Judge
April 10, 2025
Page 3

valid and protectable even if some or all of the trade dress elements are themselves functional. Nor does Apollo attempt to distinguish its position from the jury instruction provided by this Court on this very same issue. *See Diageo N. Am., Inc. v. W.J. Deutsch & Sons Ltd.*, 626 F. Supp. 3d 635, 648 (S.D.N.Y. 2022) (Stanton, J.) ("Deutsch argues that each of the elements of the Bulleit Trade Dress . . . has its separate utilitarian or aesthetic function. That overlooks that the functionality of the trade dress must be assessed with respect to the trade dress as a whole."), a*ff'd*, Nos. 22-2106, 22-3063, 22-3120, 2024 WL 2712636 (2d Cir. May 28, 2024).

Again, this case has been pending since 2022, and Apollo itself said in recent briefing that "Due to the age of the case and discovery having been closed since January 2024, a continuance is not appropriate." (ECF 360 at 15 & 16). Yet while Apollo says that, it seeks interminable delays by trying to involve foreign, third parties in new discovery and demands summary judgment briefing on an issue that the Court already considered on summary judgment and denied. (ECF 306.)[1]

Apollo cannot claim to be prejudiced by having its disputed functionality argument presented to and decided by the jury. At the outset of this case, Your Honor informed the parties that his view of summary judgment was that it had become an occasion on which attorneys were too often arguing simply that they were right, not that there were no disputed facts, and for that reason, Your Honor was not inclined to grant such motions. Apollo moved for summary judgment on both liability and damages anyway, despite this warning, and despite the fact that nearly every aspect of this case is materially disputed by both parties. To allow Apollo a second bite at the apple now, on what was supposed to be the eve of trial, and to allow it to expand discovery to foreign companies not even connected directly with this case would greatly prejudice Sol de Janeiro. All the while, Apollo and Costco continue to damage Sol de Janeiro with ongoing sales of their infringing product. We respectfully request that no further delays be allowed and renew our request for a June 3 or 10 trial date, or as soon thereafter as the Court is able to offer a date.

Respectfully submitted,

/s/ John Margiotta

John P. Margiotta

cc: Counsel of record for all parties, via ECF

---

[1] In our letter dated April 4, 2025 (ECF 395), we inadvertently transposed this citation, citing to ECF 3**60** instead of ECF 3**06**. We apologize for the error.