ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

APOLLO HEALTHCARE CORP. d/b/a
APOLLO HEALTH AND BEAUTY CARE,

                Plaintiff,

    - against -

SOL DE JANEIRO USA INC. and
SOL DE JANEIRO IP, INC.,

                Defendants.

-----------------------------------X

SOL DE JANEIRO USA INC. and
SOL DE JANEIRO IP, INC.,

                Counterclaim-Plaintiffs,

    - against -

APOLLO HEALTHCARE CORP. d/b/a
APOLLO HEALTH AND BEAUTY CARE and
COSTCO WHOLESALE CORP.,

                Counterclaim-Defendants.

-----------------------------------X

22 Civ. 7719 (LLS)

ORDER FOR CONFERENCE ON
DECLARATORY JUDGMENT

        At the March 28, 2025 conference, we established that an answer to the question of whether SDJ's unregistered trade dress is functional could govern much of the outcome of this litigation, and a final ruling on that issue would have great clarifying power. Rather than do this through summary judgment, as contemplated at our conference, it is better suited for declaratory judgment, for which Apollo already moved at the beginning of this lawsuit.

        The Federal Statute provides that ". . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201 Creation of Remedy.

    Federal Rule of Civil Procedure 57 provides:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

    Unlike summary judgment, the declaratory judgment resolves factual issues.

    The present complex preparations for the multi-issue trial (including more than 10 in limine applications to clarify and pre-judge trial issues) are stayed while whatever further discovery[1] and research is completed on the functionality issue and decided in a declaratory judgment. That process should be comparatively economical, efficient and conclusive.

    We will hold a conference to determine the path forward, where we can discuss discovery disputes, relevant motions in limine, further briefing, and scheduling. The parties are invited to confer and advise the Court with a mutually agreeable date in the coming weeks, otherwise the Court will set one.

    So Ordered.

Dated: New York, New York
       April 25, 2025

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J

---

[1] Apollo may obtain depositions and documents from Authentix and Navee if, and only if, they relate to the narrow question of functionality and SDJ's history with the USPTO. If it becomes clear, at the conference or thereafter, that this is merely a delay tactic, the deposition of Charles Louvrier will suffice.