**FROSS ZELNICK**

ORIGINAL [stamp]

MEMO ENDORSED

151 West 42nd Street, 17th Floor
New York, NY 10036

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/25

**John P. Margiotta**
Partner

T 212.813.5957
jmargiotta@fzlz.com

June 18, 2025

**VIA ECF**

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*These documents should be unsealed forthwith.*

*Louis L. Stanton*
*7/8/25*

Re:  *Apollo Healthcare Corp. v. Sol De Janeiro USA Inc., et al.*,
     No. 1:22-cv-07719-LLS

Dear Judge Stanton:

We represent Sol de Janeiro USA Inc. and Sol de Janeiro IP, Inc. (together, "Sol de Janeiro") in the above-captioned action. We write in response to Apollo's letter filed June 6, 2025 (ECF No. 421).

In its letter, Apollo noted its plans to file, in conjunction with its Motion for Declaratory Judgment on Functionality Pursuant to Federal Rule of Civil Procedure 57 (ECF 424) ("Apollo's Motion"), certain documents designated by Sol de Janeiro as "Confidential" pursuant to the terms of the Stipulation and Confidentiality Agreement and Protective Order ("Protective Order") previously entered in this case. (*See* ECF No. 54.) These documents include three brand enforcement reports (ECF No. 423-1) and two letters sent to third-party infringers (ECF Nos. 423-2 and 423-3) (together, the "Documents"). Apollo submitted the Documents under seal in conjunction with its letter motion (*see* ECF No. 423) and requested the Court consider whether the Documents should be maintained as "Confidential" and remain under seal or order that they not remain under seal. (ECF No. 421 at 2.) Sol de Janeiro hereby responds to Apollo's letter motion and requests that the Documents remain under seal.

**I.    Legal Standard**

"[T]he Second Circuit has established a three-part test for determining whether documents may be placed under seal." *In re IBM Arbitration Ag. Lit.*, No. 21-CV-6296 (JMF), 2022 WL 3043220, at *1 (S.D.N.Y. Aug. 2, 2022). "First, the Court must determine whether the materials at issue are 'judicial documents' to which a presumption of access attaches." *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 210 (E.D.N.Y. 2024) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Generally, court filings made in connection with dispositive motions are judicial documents entitled to a strong presumption of public access. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d. Cir. 2019) (requiring "compelling" justification for sealing documents filed "in

T 212.813.5900   F 212.813.5901                                     frosszelnick.com / Fross Zelnick Lehrman & Zissu, P.C.

connection with dispositive motions such as motions for dismissal or summary judgment"). Second, the Court must evaluate the proper weight to be given the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "[T]he presumptive right of access is afforded strong weight when applied to documents that play a central role in determining litigants' substantive rights—conduct at the heart of Article III." *Id.* at 60 (internal quotation omitted). Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.'" *Id.* at 59. Such countervailing factors include the protection of sensitive, confidential, or proprietary business information. *TileBar*, 723 F. Supp. 3d at 210; *see also SEC v. Telegram Group, Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("countervailing factors that can outweigh the right of public access include[] the protection of proprietary information"); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 1:22-cv-377-VSB, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) ("courts in this district regularly grant requests to seal parties' agreements where disclosure to third parties would harm a litigant's competitive standing").

As a result, courts in the Second Circuit have ruled that business information and strategy documents, including enforcement practices, constitute the type of business information whose public disclosure poses a threat of injury serious enough to justify sealing the document. *See, e.g., CT Espresso LLC*, 2022 WL 443644, at *2-3 (permitting request to seal documents that would reveal defendant's "enforcement strategy" regarding gray market goods); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redaction of business information and strategies, including "enforcement policies and investigation information," which, if revealed, could provide insights into company's business practices that could be exploited by others); *Hesse v. SunGard Sys. Int'l*, No. 12 Civ. 1990 (CM) (JLC), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access."); *see also Standard Inv. Chartered, Inc. v. Financial Indus. Regulatory Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009) (upholding sealing of documents based on defendant's argument that third parties could use information in documents to deduce defendant's negotiation tactics causing a significant competitive disadvantage).

II. **Argument**

The Documents, namely three brand enforcement reports and two letters sent to third parties, should remain under seal because – together, and to some degree on their own – they reveal Sol de Janeiro's confidential and highly sensitive business strategies for enforcing Sol de Janeiro's intellectual property rights against infringers.

**Sol de Janeiro's Brand Enforcement Reports.** These three documents, which total 129 pages, were shared between Sol de Janeiro and its brand enforcement agent Authentix and include detailed information regarding which websites Sol de Janeiro focuses on for brand enforcement,

Hon. Louis L. Stanton, United States District Judge
June 18, 2025
Page 3

the nature of Sol de Janeiro's efforts to take down infringing products, and which websites are more or less likely to take down infringing products following such a request from Sol de Janeiro. Such information, if made public, would provide a roadmap to would-be third-party infringers and counterfeiters who, in significant numbers, aim to copy our client's products and impermissibly exploit our client's exclusive intellectual property rights. If publicly disseminated, such information would cause Sol de Janeiro significant competitive harm, including by disadvantaging Sol de Janeiro in future enforcement actions and giving Sol de Janeiro's competitors and infringers an unfair advantage as to and against Sol de Janeiro. Thus, this presents compelling reasons to seal. *See, e.g.*, *CT Espresso LLC*, 2022 WL 443644, at *3 (permitting agreements entered into with resellers evidencing defendant's enforcement strategy to be filed under seal because disclosure would impair defendant's ability to control gray market goods); *Louis Vuitton Malletier S.A.*, 97 F. Supp. at 511.

**Sol de Janeiro's Demand Letters to Third Party Infringers.** These documents are cease-and-desist letters sent to third-party infringers for violations of Sol de Janeiro's intellectual property rights. Making such letters publicly available would reveal information regarding Sol de Janeiro's enforcement strategies and tactics, including Sol de Janeiro's views regarding the scope of its intellectual property rights and the degree of cooperation Sol de Janeiro might typically require from infringers to resolve a dispute and avoid litigation. Again, like the brand enforcement reports, these letters would provide potential willful infringers with a guide on how to profitably trade-off Sol de Janeiro's goodwill while limiting their litigation risk.

III. **Conclusion**

For the reasons discussed herein, Sol de Janeiro respectfully requests that the Court order the aforementioned documents to remain under seal.

Respectfully submitted,

/s/ John Margiotta

John P. Margiotta

cc: Counsel of record for all parties, via ECF