**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APOLLO HEALTHCARE CORP. d/b/a APOLLO  :
HEALTH AND BEAUTY CARE,      :
               :
         Plaintiff,  :
               :
    -against-      :   MEMORANDUM DECISION
               :      AND ORDER
SOL DE JANEIRO USA INC., and   :
SOL DE JANEIRO IP, INC.,     :   22 Civ. 7719 (GBD)
               :
        Defendants :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOL DE JANEIRO USA INC., and   :
SOL DE JANEIRO IP, INC.,     :
               :
      Counterclaim-Plaintiffs, :
               :
    -against-      :
               :
APOLLO HEALTHCARE CORP. d/b/a APOLLO  :
HEALTH AND BEAUTY CARE and COSTCO  :
WHOLESALE CORP.,      :
               :
      Counterclaim-Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

This case centers on Counterclaim-Plaintiffs Sol de Janeiro USA Inc.'s and Sol de Janeiro

IP, Inc.'s (collectively, "SDJ") claimed trade dress rights in the BRAZILIAN BUM BUM CREAM

packaging (the "Bum Bum Jar").[1]  On March 17, 2026, this Court issued a Memorandum Decision

and Order (the "Order"), granting Counterclaim-Defendants Apollo Healthcare Corp. d/b/a Apollo

Health and Beauty Care's ("Apollo") and Costco Wholesale Corp.'s ("Costco") (collectively, the

"Apollo Parties") motion for summary judgment on functionality and counterclaim for trade dress

---

[1] This Court presumes the parties' familiarity with the factual and procedural background of this case. The relevant factual and procedural background is set forth in the Order and is incorporated by reference herein.

infringement. (Order, ECF No. 465.) On March 31, 2026, SDJ timely moved for reconsideration of the Order. (Mot. Reconsideration, ECF No. 468; Mem. L. Supp. Mot. Reconsideration ("Mot."), ECF No. 469.) The Apollo Parties filed their opposition on April 14, 2026, (Opp., ECF No. 473,) to which SDJ replied on April 21, 2026, (Reply, ECF No. 479.) SDJ's motion for reconsideration is DENIED.

## I.    LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Ortega v. Mutt*, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.").

The Second Circuit has held that "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

2

## II.    SDJ'S MOTION FOR RECONSIDERATION IS DENIED

SDJ argues that reconsideration is warranted for two reasons: (1) this Court's functionality analysis did not focus on "the particular combination and arrangement of design elements," as required by *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 76 (2d Cir. 1985) and (2) this Court improperly weighed evidence on summary judgment. (Mot. at 2, 6.) Each argument is addressed in turn and is without merit.

### A.  Specificity Requirement

SDJ first argues that this Court committed legal error by "failing to analyze whether SDJ's particular jar and lid shape, particular color combinations and arrangements, and particular textual stylizations are functional." (Mot. at 2 (quoting *LeSportsac*, 754 F.2d at 76).) SDJ claims that this Court's decision focused on "generalized stand-ins" rather than the particular design elements they assert rights in. (*Id.*) Specifically, SDJ argues that this Court inaccurately identified the Bum-Bum Jar's "color-block combination of yellow and white components" as "the Sol Yellow color," (*id.* at 3,) and "tall, narrow, all-caps lettering flanked by smaller italic text in a three-register composition" as "capitalized, dark-grey lettering on a white background," (*id.* at 4.) These errors were allegedly "compounded" when this Court assessed the trade dress as a whole. (*Id.* at 5–6.) SDJ claims this amounts to a failure to adhere to the Second Circuit's specificity requirement when analyzing trade dress functionality, as stated in *LeSportsac*.[2]

These arguments are without merit. Contrary to SDJ's claim, this Court did not analyze the Sol Yellow color separate from SDJ's asserted color-block combination. SDJ does not dispute that one of the colors in the combination of white and yellow components is Sol Yellow. SDJ has also previously admitted that it uses color, including Sol Yellow, to denote a product's fragrance

---

[2] This Court notes that the Order explicitly quotes the standard that SDJ claims it overlooked. (*See* Order, ECF No. 465, at 13.)

and benefits. (*See* Order at 17.) Nothing in the record suggests that the white lid changes or diminishes Sol Yellow's association with a particular fragrance and product benefit. In fact, SDJ's advertisements depicting this color association show both the white lid and the colored jar. (*See* Order at 4.) The record before this Court clearly demonstrates that the Bum Bum Jar's color-block combination performs the same function as the jar's primary color: it signals to the consumer the cream's associated fragrance and product benefit. Moreover, SDJ has not pointed to any new evidence to call this color association into question. (*See* Mot. at 3.) This Court's focus on the color Sol Yellow was not an attempt to misidentify or reduce SDJ's claimed trade dress. Rather, this Court's analysis detailed Sol Yellow's association to a specific fragrance and product benefit to explain how the colored component of the color-block combination made the entire combination a functional feature.

SDJ's arguments on the Bum Bum Jar's lettering trade dress are also unavailing. In its counterclaims, SDJ defined its purported lettering trade dress as "the product name presented in capitalized dark-gray lettering framed by smaller text above and below." (ECF No. 29 ¶ 101.) SDJ used the same definition it its amended counterclaims, (ECF No. 67 ¶ 137,) and counterstatement of material facts, (ECF No. 435 ¶ 89.) This is the same definition this Court cited in its Order. (*See* Order at 13–14.) SDJ now claims that this Court erred by not analyzing its "particular typographical arrangement—tall, narrow, all-caps lettering flanked by smaller italic text in a three-register composition." (Mot. at 4.) Putting aside that this is not how SDJ previously characterized its trade dress, SDJ's new definition fails to explain how the Bum Bum Jar's lettering is nonfunctional. As the Apollo Parties note, SDJ's 30(b)(6) witness conceded that "printing dark-gray lettering on a white background provides contrast for easy visibility and legibility." (*See* Opp. at 8; Yang Dep. Tr., ECF No. 442-1, 176:18-23.) Describing the Bum Bum Jar's lettering

4

as "tall," "narrow," and "all-caps" does not change the fact that dark-gray lettering and a framed product name enhance visibility and legibility on the jar lid's white background. SDJ's new definition, without more, does not warrant reconsideration.[3]

Finally, SDJ argues that this Court did not analyze the particular combination of the Bum Bum Jar's elements. (Mot. at 5–6.) This argument ignores the portion of the Order that explicitly assessed the combination and arrangement of the Bum Bum Jar's elements. (*See* Order at 20.) And while this analysis was informed by the evidence on functionality for each element, the Order was clear that the key inquiry was "whether the 'particular combination and arrangement of design elements,' rather than the individual elements, are functional." (Order at 13 (quoting *LeSportsac*, 754 F.2d at 76).) The Order did exactly that—it explicitly states that the Bum Bum Jar's shape, color combination, and lettering "work in tandem to facilitate easy access to the cream inside and the associated product benefits." (Order at 20.) Contrary to SDJ's claims, this Court did not overlook *LeSportsac*, its specificity requirement, or its guidance on how to assess functionality. Reconsideration on those grounds is therefore not warranted.

## B.   Summary Judgment Standard

SDJ next argues that this Court committed legal error by drawing several negative inferences against SDJ on summary judgment. (*See* Mot. at 6.) Specifically, SDJ contends that

---

[3] SDJ attempts to bolster its argument by pointing to cases in which courts found trade dress that included package lettering nonfunctional. (*See* Mot. at 5.) These cases, at most, stand for the proposition that lettering is protectable if it is one of several product features in a collectively nonfunctional trade dress. *See e.g., Fruit-Ices Corp. v. Coolbrands Int'l, Inc.*, 335 F. Supp. 2d 412, 420 (S.D.N.Y. 2004) (finding nonfunctional packaging trade dress that included a "clear wrapper, a picture of fruit . . . conveying the flavor of the bar, FrozFruit's rainbow logo with fruit appearing in rainbow text and 'Froz' appearing in blue text, a yellow banner announcing 'CHUNKS OF FRUIT' or 'REAL FRUIT' in black capital lettering, and a banner announcing that the product is a 'GOURMET FRUIT BAR.'"). Nothing in the Order disputes that premise. If the Bum Bum Jar, viewed as a whole, was nonfunctional, the fact that its lettering enhanced visibility and legibility would not render the entire trade dress functional. Because the Bum Bum Jar, when viewed as a whole, is a functional article, these cases are inapposite.

this Court (1) deferred to some, but not all, USPTO determinations; (2) presumed that the color-block combination distinguishes the Bum Bum Jar from other SDJ products; (3) made a credibility determination on the Apollo Parties' experts; and (4) disregarded SDJ's evidence of market alternatives. (*See* Mot. at 6–12) None of these arguments warrant reconsideration.

### 1.   *USPTO Determinations*

First, this Court did not improperly defer to the USPTO determinations. As this Court noted in the Order, a decision by the USPTO is not determinative, but "generally receives great deference." (Order at 15 (quoting *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 193 F. Supp. 3d 245, 260 (S.D.N.Y. 2016), *aff'd*, 699 F. App'x 93 (2d Cir. 2017).) Additionally, "courts may draw a measure of guidance from the way the agency has classified analogous marks." *Cross Com. Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 166 (2d Cir. 2016). SDJ claims that this Court unfairly overlooked the USPTO's decision to approve SDJ's March 8, 2024, application (the "'657 Application"). The '657 Application described a mark consisting "of the wording 'BRAZILIAN BUM BUM' in dark gray block letters . . . on a white background forming the image of the lid of [a] jar, over a yellow jar bottom." (Order at 7 (quoting U.S. Trademark Application Serial No. 98440657 (filed Mar. 8, 2024)).) The mark did not include "the shape of the lid or jar." (*Id.*)

In the portion of the Order analyzing the Bum Bum Jar's body and lid, this Court referenced two USPTO decisions, which found two different SDJ body cream jars to be functional. (*See* Order at 15–16.) Critically, the Order never portrayed the USPTO decisions as binding precedent. Rather, the Order cited the decisions as probative evidence that supported this Court's conclusion that the record did not present a triable issue of fact on the functionality of the Bum Bum Jar's body and lid. (*See id.*) The '657 application, which explicitly excluded the shape of the lid or jar from the mark, offered no guidance on this point. By contrast, the other USPTO decisions were

6

for "identical jars", and those applications were specifically denied on "functionality grounds." (Order at 16.)

Moreover, any persuasive value the '657 Application offered on the Bum Bum Jar's color-block combination and lettering would have been minimal. The '657 Application does not seek rights in a color-block combination of yellow and white components, and the lettering aspect specifically seeks protection for the words "BRAZILIAN BUM BUM." U.S. Trademark Application Serial No. 98440657 (filed Mar. 8, 2024). But more importantly, the USPTO decisions do not control this case. This is particularly true when, like here, the undisputed record demonstrates that the claimed elements are functional features. (*See* Order at 18–19 (analyzing the Bum Bum Jar's color-block combination and lettering).) Because the record before this Court negates the persuasive value of the '657 Application, this Court's decision not to rely on it in the Order was not in error.

### 2. Color-Block Combination

SDJ next argues that this Court's statement that "[SDJ's] color-coding very likely helps distinguish the Bum Bum Jar from other SDJ body cream jars, which are packaged in identically shaped jars" is an impermissible negative inference against SDJ. (Mot. at 8.) But as noted in the Order, SDJ admitted through testimony and in their advertisements to using color to distinguish their products by scent and benefits. (*See* Order at 17.) No impermissible inference was made. The record fully supports this Court's conclusion that the color-block combination served a functional purpose.

### 3. Expert Testimony

SDJ also claims that this Court improperly credited the testimony of the Apollo Parties' expert, Nikola Cline. (Mot. at 9–10.) SDJ does not dispute that Cline's expert testimony was unrebutted. Rather, SDJ argues that there was testimony from Cline's deposition that could have

undermined her credibility at trial. (*Id.*) Courts routinely credit unrebutted expert testimony on summary judgment. *See, e.g., Kelly–Brown v. Winfrey*, 659 F. App'x 55, 60 (2d Cir. 2016) (affirming grant of summary judgment based in part on unrebutted expert testimony); *PaySys Int'l, Inc. v. Atos Se, Worldline SA, Atos IT Servs. Ltd.*, 226 F. Supp. 3d 206, 211 n.5 (S.D.N.Y. 2016) (crediting unrebutted facts and opinions "for purposes of resolving summary judgment") *Augme Techs., Inc. v. Tacoda LLC*, No. 07 Civ. 7088, 2011 WL 5547983, at *12–13 (S.D.N.Y. Nov. 14, 2011) (granting summary judgment based on unrebutted expert testimony), *aff'd sub nom. Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326 (Fed. Cir. 2014); *see also Mosaic Brands, Inc. v. Ridge Wallet LLC*, 55 F.4th 1354, 1367 (Fed. Cir. 2022) (affirming grant of summary judgment based in part on "unrebutted testimony . . . explaining the utility of each aspect of Mosaic's asserted trade dress and further testimony explaining why the overall design is functional as a whole"). Moreover, Cline's unrebutted testimony was supported by the USPTO's determination that identical jar and lid shapes were functional. (*See* Order at 15–16.) The record, including the unrebutted expert testimony, fully supports this Court's determination on the functionality of the Bum Bum Jar's body and lid. Because the evidence SDJ points to does not call this conclusion into question, reconsideration on this point is not warranted.

    *4.   Market Alternatives*

Finally, SDJ argues that this Court improperly disregarded SDJ's evidence of market alternatives when assessing utilitarian and aesthetic functionality. (*See* Mot. at 10–12.) This argument also does not warrant reconsideration. The Second Circuit has repeatedly held that "if a design feature would, from a traditional utilitarian perspective, be considered essential to the use or purpose of the article, or to affect its cost or quality, then the design feature is functional under *Inwood* and our inquiry ends." *Sulzer Mixpac AG v. A&N Trading Co.*, 988 F.3d 174, 183 (2d Cir. 2021) (quoting *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206,

220 (2d Cir. 2012)). The Supreme Court has also held that if functionality is established "there is no need . . . to engage . . . in speculation about other design possibilities." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 33 (2001). Here, after considering the uncontroverted evidence in the record, this Court concluded that "each element of the Bum Bum Jar is, both individually and collectively, a functional feature that improves the quality of the container." (Order at 21.) Because other evidence firmly established the Bum Bum Jar's utilitarian functionality, this Court was not obligated to consider market alternatives—even if other courts have found that market alternatives can be probative of utilitarian functionality. (*See* Reply at 9 n.11.) Even still, this Court addressed SDJ's market alternatives argument in the Order. As the Order explains, the existence of alternative jars that serve similar purposes does not change the ways this particular jar's features improve the quality of the container. (*See* Order at 20.) SDJ's briefing on this issue has failed to explain how, if at all, consideration of these alternative jar designs would change this Court's previous analysis.

Additionally, due to the Bum Bum Jar's utilitarian functionality, this Court was not obligated to conduct a full aesthetic functionality analysis that considered market alternatives. *See Sulzer*, 988 F.3d at 183. In analyzing the Bum Bum Jar's body and lid, this Court posited that "even if the Bum Bum Jar's body and lid did not improve the quality of the container, which they do," SDJ could not claim trade dress protection in a jar that was part of the public domain and that SDJ purchased from a third-party vendor. (*See* Order at 16.) This alternative reasoning does not change this Court's main holding that the Bum Bum Jar's body and lid improved the quality of the container and were therefore functional in a utilitarian sense. Accordingly, this Court did not err in its assessment of SDJ's evidence of market alternatives.

In short, this Court did not "overlook[] controlling decisions or data . . . that might reasonably be expected to alter the conclusion" reached in the Order. *Shrader*, 70 F.3d at 257. Reconsideration is not warranted.

### III.   CONCLUSION

SDJ's motion for reconsideration, (ECF No. 468), is DENIED.   The Clerk of Court is directed to close the motion accordingly.

Dated: May 12, 2026
        New York. New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge