**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE,

Plaintiff,

-against-

SOL DE JANEIRO USA INC., and SOL DE JANEIRO IP, INC.,

Defendants.

SOL DE JANEIRO USA INC., and SOL DE JANEIRO IP, INC.,

Counterclaim-Plaintiffs,

-against-

APOLLO HEALTHCARE CORP. d/b/a APOLLO HEALTH AND BEAUTY CARE and COSTCO WHOLESALE CORP.,

Counterclaim-Defendants.

ORDER

22 Civ. 7719 (GBD)

GEORGE B. DANIELS, United States District Judge:

Counterclaim-Defendants Apollo Healthcare Corp. d/b/a Apollo Health and Beauty Care ("Apollo") and Costco Wholesale Corp.'s ("Costco") (collectively, the "Apollo Parties"), and Counterclaim-Plaintiffs Sol De Janeiro USA, Inc., and Sol De Janeiro IP, Inc., (collectively, "SDJ") bring forth various pretrial motions and motions *in limine* in anticipation of trial. On October 28, 2026, this Court heard oral argument on several of the motions during a pretrial conference. (Dkt. Entry for Oct. 28, 2026; Conf. Tr., ECF No. 566.)

# I. THE APOLLO PARTIES' MOTIONS

## A. Motions to Compel Documents are Denied

This Court DENIES the Apollo Parties leave to move to compel Heela Yang Tsuzuki's compliance with a trial subpoena *ducus tecum* to produce financial statements, and documents concerning Ms. Yang's termination, and additional portions of Ms. Yang's journal. (ECF No. 492.)

The Apollo Parties' motions to compel SDJ to produce additional audited financial statements, (ECF Nos. 532, 565,) are DENIED.

## B. Motion to Bifurcate Equitable Claims is Denied

The Apollo Parties' motion to preclude equitable claims from being presented to the jury and to bifurcate the trial, (ECF No. 494,) is DENIED.

## C. Motions *In Limine*

### 1. Fact Witness Testimony on Damages is Precluded

The Apollo Parties' motion to preclude SDJ's fact witnesses from testifying to damages, (*see* ECF No. 499,) is GRANTED. SDJ's fact witnesses, Haley Menkis and Jordan Saxemard, are precluded from offering any calculation of actual damages in their testimony, as SDJ failed to disclose any such calculation during discovery.

Mr. Saxemard may only testify as a substitute Rule 30(b)(6) witness in place of Ms. Yang. Mr. Saxemard's testimony will be limited to information known or reasonably available to the organization on the topics SDJ designated for Ms. Yang.

### 2. Testimony of Dr. Sedari is Precluded

The Apollo Parties' motion to preclude Dr. Thomaï Sedari's testimony and report regarding prospective corrective advertising, (ECF No. 500,) is GRANTED.

**3. Purported Evidence of Actual Confusion is Admissible**

The Apollo Parties' motion to exclude SDJ's purported evidence of actual confusion, (ECF No. 502,) is DENIED.

**4. Production of Ms. Yang's Notebook is Denied**

The Apollo Parties' motion to compel the full production of Ms. Yang's notebook, (ECF No. 503,) is DENIED.

**5. Mr. Plumpe's Testimony is Admissable**

The Apollo Parties' motion to preclude expert testimony that purportedly goes beyond the accompanying expert report under Federal Rule of Civil Procedure 26(a)(2)(B), (ECF No. 504,) is DENIED. SDJ's damages expert, John Plumpe, may respond to the Apollo Parties' opposing experts to explain why their opinions do not alter the opinions disclosed in his expert report. SDJ has indicated that Mr. Plumpe will not testify that the Apollo Parties' profits are a reasonable approximation of SDJ's damages. (*See* ECF No. 544 at 4.) Additionally, in light of the earlier decision precluding Dr. Sedari's testimony, the portion of the motion related to Dr. Sedari is DENIED.

**6. Anecdotal Evidence of Actual Confusion is Admissible**

The Apollo Parties' motion to preclude SDJ from offering anecdotal evidence of actual confusion, (ECF No. 505,) is DENIED.

**7. Punitive Damages Evidence is Admissible**

The Apollo Parties' motion to preclude SDJ from introducing punitive damages evidence, (ECF No. 506,) is DENIED.

**8. Bubitz/Wachsberg Emails are Admissible**

The Apollo Parties' motion to preclude admission of certain emails and testimony related thereto, (ECF No. 507,) is DENIED.

### 9. SDJ Trial Exhibit No. 1100 is Admissible

The Apollo Parties' motion to exclude Costco's product return records, currently designated as SDJ's trial exhibit no. 1100, (ECF No. 508,) is DENIED.

### 10. The Brand Enforcement Reports are Admissible

The Apollo Parties' motion to preclude SDJ from admitting into evidence at trial belatedly produced brand enforcement reports generated by third parties Authentix and Navee, (ECF No. 509,) is DENIED.

## II. SDJ'S MOTIONS *IN LIMINE*

### A. Ms. Cline's Testimony is Partially Precluded

SDJ's motion to enforce a prior *Daubert* order and exclude certain testimony of Nikola Cline, an expert witness for the Apollo Parties (ECF No. 510,) is GRANTED. This Court precludes Ms. Cline from testifying to opinions #1, #2, and #6 in her expert report. Ms. Cline is also precluded from testifying to opinion #5 in her expert report to the extent she intends to opine on what individual customers meant when they used the word "dupe."

This Court also precludes Ms. Cline from testifying to the functionality of the alleged Bum Bum trade dress. Finally, the Apollo Parties are precluded from admitting Ms. Cline's expert report and her supplemental reports into evidence wholesale. This ruling does not preclude the Apollo Parties from moving at trial to admit limited portions of the report that are not hearsay, or for some other limited purpose.

### B. Mr. Buss's Testimony is Partially Precluded

SDJ's motion to enforce a prior *Daubert* order excluding certain testimony of Brian Buss, an expert witness for the Apollo Parties (ECF No. 512,) is GRANTED in part and DENIED in part. Consistent with the prior *Daubert* order, this Court precludes Mr. Buss from offering opinions outside of his expertise, including opinions on (1) available monetary relief under the

Lanham Act, (2) whether third parties' products are more likely to cause consumer confusion, and (3) the credibility of SDJ's actual confusion evidence. This Court denies the portion of SDJ's motion that seeks to entirely preclude Mr. Buss from testifying as to whether SDJ suffered harm. Mr. Buss may offer rebuttal testimony on this issue within his expertise.

### C. References to Dismissed Claims are Precluded

SDJ's motion to exclude references to dismissed claims, (ECF No. 515,) is GRANTED. This Court excludes from trial (1) evidence of or reference to the Court's summary judgment decisions, (2) evidence of, or reference to, the dismissed damages theories and the dismissed trade dress claims, and (3) evidence and argument that is *only* relevant to the dismissed damages theories and trade dress claims. This Court declines, however, to exclude specific exhibits and testimony prior to trial and reserves judgment once the factual context becomes clear.

### D. References to the Third-Party Lawsuit are Precluded

SDJ's motion to exclude reference to an unrelated lawsuit, (ECF No. 518,) is GRANTED.

### E. The Bubitz/Wachsberg Emails are Admissible

SDJ's motion to admit certain Apollo-Costco emails, (ECF No. 521,) is GRANTED.

### F. Ms. Cline's Supplemental Reports are Admissible

SDJ's motion to exclude the late-produced supplemental rebuttal expert reports of Ms. Cline, the corresponding late-produced documents, and any testimony regarding the same, (ECF No. 524,) is DENIED. Consistent with this Court's oral order at the October 28, 2026, pretrial conference, the Apollo Parties will make Ms. Cline available for a two-hour deposition, at least seven days prior to trial, for the limited purpose of questioning Ms. Cline on her supplemental reports.

## III. CONCLUSION

The Clerk of Court is respectfully directed to close the following open motions at ECF Nos. 466, 492, 497, 510, 512, 515, 518, 521, 524, 532, and 565.

Dated: November 18, 2026
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge